**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| UNDERGROUND ENTERPRISES, INC. d/b/a UNDERGROUND CELLAR | ) ) | Case No. 23-10553 (KBO) |
| | ) | |
| Debtor.[1] | ) ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| PHOENO WINE COMPANY, INC. | ) | Case No. 23-10554 (KBO) |
| | ) | |
| Debtor.[2] | ) ) ) | |

**MOTION FOR ENTRY OF AN ORDER
PROVIDING FOR JOINT ADMINISTRATION
OF CHAPTER 7 CASES**

Don A. Beskrone, the Chapter 7 Trustee (the "Trustee") for the above-captioned debtors Underground Enterprises, Inc. d/b/a Underground Cellar and Phoeno Wine Company, Inc. (collectively, the "Debtors"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, providing for joint administration of the above-captioned chapter 7 cases (the "Chapter 7 Cases"), for procedural purposes only. In support of this Motion, the Trustee relies on his Declaration (the "Beskrone Declaration") attached hereto as **Exhibit B** and respectfully states as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue in this District of the Chapter 7 Cases and of this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis and other authority for the relief requested herein is section 105

---

[1] The last four digits of the Debtor's federal tax identification number are X-7930.

[2] The last four digits of the Debtor's federal tax identification number are X-5273.

{01908777;v1 }

of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Pursuant to Local Rule 9013-1, the Trustee consents to entry of a final order or judgment by the Court with respect to this matter if it is determined the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND[3]

4. On May 1, 2023 (the "Petition Date"), the Debtors commenced their Chapter 7 Cases by filing chapter 7 petitions in this Court. (*See* Chapter 7 cases, Dkt. Nos. 1.)

5. Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Case.

6. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was originally scheduled to be held on May 25, 2023, but has been adjourned to a date to be determined.

7. Prior to the Petition Date, the Trustee understands that Underground Enterprises, Inc. d/b/a Underground Cellar (the "Debtor, Underground") provided membership to a groundbreaking online wine marketplace for discovering and buying premium wine that randomly rewarded consumers with free upgrades to rare and private-stash bottles from prestigious wineries. Upon information and belief, the Company was founded in 2015.

8. Prior to the Petition Date, the Trustee understands that Phoeno Wine Company,

---

[3] The Trustee recites this background based on a preliminary and ongoing investigation of the Debtors and their respective business(es). The Trustee reserves his right to amend or alter this background or other asserted statements of fact as the Trustee and his professionals learn more through further investigation.

Inc. (the "Debtor, Phoeno") facilitated the purchase and storage of wine by retail customers. Upon information and belief, the Company was founded in 2015.

9. The Petitions filed in each Chapter 7 Case list the following connections:

- Jeff Hardy served as CEO for both companies from 2021 to 2022;

- The current CEO of Phoeno Wine Company, Inc., Robert Ord, was the Director of Winery Relations for Debtor, Underground Enterprises, Inc. d/b/a Underground Cellar;

- Debtor Phoeno Wine Company, Inc. lists Debtor Underground Enterprises, Inc. d/b/a Underground Cellar as an affiliate on the Petition and as a Co-Debtor on Schedule H;

- Debtor Underground Enterprises, Inc. d/b/a Underground Cellar lists Debtor Phoeno Wine Company, Inc. as an affiliate on the Petition and as a Co-Debtor on Schedule H;

- The Trustee believes that the Debtors share the same creditor/customer list.

## RELIEF REQUESTED

10. By this Motion, the Trustee respectfully requests entry of an order providing for the joint administration of the Chapter 7 Cases for procedural purposes only. The Trustee requests that the Court maintain under the Phoeno Wine Company, Inc. case number just one file and one docket for the jointly administered cases, and that these Chapter 7 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | ) | Chapter 7 |
|---|---|---|
|  | ) |  |
| Phoeno Wine Company, Inc., *et al.*[1] | ) | Case No. 23-10554 (KBO) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers,

are: Phoeno Wine Company, Inc. (5273) and Underground Enterprises, Inc. d/b/a Underground Cellar (7930).

11. The Trustee also requests that an entry be made on the docket in each of the Chapter 7 cases substantially as follows:

> In accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, an order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 7 Cases commenced by chapter 7 debtors Phoeno Wine Company, Inc. and Underground Enterprises, Inc. d/b/a Underground Cellar. All further filings of motions, applications, objections, pleadings, and other papers and all further docket entries shall be made only in Case No. 23-10554 (KBO).

12. Finally, the Trustee requests Court authority to use a combined service list for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f…two or more petitions are pending in the same court by or against…(4) a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under Bankruptcy Code section 101(2)(B). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. *See also* 11 U.S.C. § 105(a) (authorizing this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.")

14. Additionally, Local Rule 1015-1 provides that this Court may order joint administration, "without notice and an opportunity for hearing," upon the filing of a motion requesting joint administration supported by an affidavit, declaration or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and parties.

15. This Motion, and the Declaration of Don A. Beskrone attached hereto as **Exhibit B**, establish that joint administration of these Chapter 7 Cases is warranted because, without limitation: (a) the Debtors state in their bankruptcy petitions that the Debtors are affiliates; and (b) joint administration will ease the administrative burden on the Court, the Trustee and his counsel, the Clerk of this Court (the "Clerk"), and creditors and parties in interest.

16. The Trustee anticipates numerous notices, applications, motions, pleadings, hearings, and orders entered in these Chapter 7 Cases potentially will affect each of the Debtors. The failure to administer these cases jointly would result in numerous duplicative filings being required on common issues. Such duplication and related service of substantially identical documents would be extremely wasteful and would unnecessarily burden the Trustee and the Clerk.

17. Joint administration of these Chapter 7 Cases will permit the Clerk to use a single general docket for each case and to combine required notices to creditors and other parties in interest of both bankruptcy estates (most of which will be the same, in any event). Joint administration also will ensure parties in interest in each of the respective Chapter 7 Cases will be apprised of the various matters filed with the Court pertaining to one or both of the cases.

18. The Trustee requests entry of an order requiring that all parties use the official caption (in the form set forth in paragraph 10 above) for all filings in the jointly administered cases.

19. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 7 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Creditors and parties in interest will maintain whatever rights they have against the particular estate in which they

allegedly have a claim or right.  Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court and Clerk's office also will be relieved of the burden of entering duplicative orders and keeping duplicative files.  Moreover, supervision by the Office of the United States Trustee of the administrative aspects of the Chapter 7 Cases will be simplified.

### REQUEST FOR IMMEDIATE ENTRY OF ORDER

20. Pursuant to Local Rule 1015-1, the Trustee requests entry of an order granting this Motion without a hearing.  If the Court believes a hearing is necessary, this Motion may be scheduled for a telephonic hearing at the convenience of the Court.  The Trustee will serve any order entered with respect to this Motion upon the following parties or, in lieu thereof, to their counsel if known: (i) the Office of the United States Trustee, (ii) counsel for the Debtors, and (iii) all parties who have requested notice in either case pursuant to Bankruptcy Rule 2002.

### NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A**: (a) authorizing the joint administration of the Debtors' Chapter 7 Cases, and (b) granting such other and further relief as is just and proper.

*~Signature Page to Follow~*

Dated: May 26, 2023          **ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
Tel: (302) 654-1888
Fax: (302) 654-2067
Email: GTaylor@ashbygeddes.com

*(Proposed) Counsel to Don A. Beskrone, Chapter 7 Trustee to Underground Enterprises, Inc. d/b/a Underground Cellar and Phoeno Wine Company, Inc.*