IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Phoeno Wine Company, Inc., *et al*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10554 (KBO)<br><br>(Jointly Administered) |
| Don A. Beskrone, Chapter 7 Trustee for PHOENO WINE COMPANY, INC., *ET AL*<br><br>Plaintiff,<br><br>v.<br><br>GUIDELINE, INC.<br><br>Defendant. | Adv. Proc. No: |

**COMPLAINT**

Don A. Beskrone, Chapter 7 Trustee (the "Trustee") of Underground Enterprises, Inc. d/b/a Underground Cellar and Phoeno Wine Company, Inc. (collectively the "Debtors"), by and through his undersigned counsel, hereby alleges for his complaint against Guideline, Inc. ("Defendant" or "Guideline"), upon knowledge as to his own actions and upon information and belief as to the actions of others:

**SUMMARY OF ACTION**

1. This is an adversary proceeding necessitated by Defendant's failure to halt withdrawals from Debtor Underground Enterprises, Inc.'s 401(k) Plan and continued refusal to

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Phoeno Wine Company, Inc. (5273) and Underground Enterprises, Inc. d/b/a Underground Cellar (7930).

abide by the Trustee's instructions. Simply, the Defendant has wrongfully refused to recognize the Trustee's exclusive authority under the Bankruptcy Code to administer the Debtor's Plan.

## JURISDICTION AND VENUE

2. This adversary proceeding arises in and relates to voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases, which are now pending before the United States Bankruptcy Court for the District of Delaware (the "Court").

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) (e).

4. This adversary proceeding constitutes a "core" proceeding under 28 U.S.C. § 157(b)(2), and the Court can enter final judgment.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

7. Defendant Guideline, Inc. is a Delaware corporation with its principal place of business in Burlingame, California. Guideline administers Debtor Underground Enterprises, Inc.'s 401(k) Plan (the "Plan").

8. Plaintiff Don A. Beskrone is the Chapter 7 Trustee of the Debtors and their respective estates, pursuant to 11 U.S.C. § 701 of Title 11 of United States Code (as may be amended, the "Bankruptcy Code")

## FACTUAL BACKGROUND

9. Upon information and belief, prior to commencing these Chapter 7 cases, the Debtors provided a range of services in the wine industry, including facilitating the purchase and storage of wine by retail customers and membership to an online wine marketplace for discovering and buying premium wine.

10. On May 1, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases"). Thereafter, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as the Interim Chapter 7 Trustee in the Cases.

11. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was originally scheduled to be held on May 25, 2023, but has been adjourned to June 13, 2023, at 1:00 p.m. EDT.

## FACTUAL ALLEGATIONS

12. Pursuant to section 704(a)(11) of the Bankruptcy Code, "The trustee shall – if, at the time of the commencement of the case, the *debtor (or any entity designated by the debtor)* served as administrator (as defined in section 3 of the Employee retirement Income Security Act of 1974) of an employee benefit plan, *continue to perform the obligations of the administrator . . . .*" 11 U.S.C. § 704(a)(11) (emphasis added).

13. The Trustee is therefore required by the law to serve as the exclusive administrator of the Plan. Under the Bankruptcy Code, no other person or entity, including Guideline, has authority to take any action with respect to the Plan without the Trustee's authorization.

14. On May 3, 2023, only days after the Petition Date, counsel for the Trustee reached out to Guideline regarding freezing of Plan distributions and wind-down of the Plan. A true and correct copy of this correspondence is attached hereto as **Exhibit A.**

15. Shortly thereafter, on May 5, 2023, Guideline expressly acknowledged via email the Trustee's appointment as the "Plan Trustee" and granted account access accordingly. A true and correct copy of this correspondence is attached hereto as **Exhibit B.**

16. Following these initial communications, the Trustee and his counsel engaged in a series of telephone conferences and email correspondence with Guidelines' in-house counsel, as well as various Guideline customer support personnel.

17. Throughout this correspondence, the Trustee repeatedly advised Guideline that the Trustee did not authorize any withdrawal requests from the Plan, and that Guideline itself was not authorized to process these requests. The Trustee also instructed several times that the Plan be immediately frozen to prevent any distributions pending termination of the Plan.

18. Nonetheless, Guideline has repeatedly refused to acknowledge the Trustee's authority regarding the Plan, including, among other things, the Trustee's authority to halt Plan distributions.

19. The Trustee has now been advised and believes that Guideline has repeatedly disregarded the Trustee's express instructions by distributing Plan funds to at least four participants since the Petition Date. The Trustee has been advised and believes these distributions from the

Plan totaled not less than $78,000.00.  Moreover, Guideline failed to provide any notice to the Trustee regarding these distributions.

20. Upon learning of these unauthorized distributions, the Trustee requested once again that Guideline confirm it would cease and desist from taking any taking any further actions with respect to the Plan, including processing any further requests for withdrawals. A true and correct copy of this email correspondence is attached hereto as **Exhibit C.**

21. Furthermore, the Trustee has engaged ERISA counsel who corresponded with Guideline's in-house counsel to no avail. A true and correct copy of this email correspondence is attached hereto as **Exhibit D**.

22. To date, the Defendant has not responded whether it will cease taking such actions with respect to the Plan.

## COUNT I
## DECLARATORY RELIEF

23. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

24. Under the Bankruptcy Code, no other person or entity, including Guideline, has authority to take any action with respect to the Debtor's 401(k) plan without the Trustee's authorization.

25. Defendant, as administrator of the Plan, does not have authority or permission make any distributions to plan participants without the Trustee's express permission.

26. Despite this, the Defendant has continued to process withdrawal requests and has refused to acknowledge the Trustee's exclusive authority to make such determinations regarding the Plan.

27. The Plaintiff is entitled to a declaration that (i) the Trustee possesses exclusive authority to authorize withdrawals or otherwise administer the Plan, and (ii) the Trustee is authorized to instruct Defendant to immediately cease processing any such withdrawal requests.

## COUNT II
## INJUNCTIVE RELIEF

28. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

29. The Plaintiff is entitled to temporary injunctive relief enjoining the Defendant from taking any further actions with respect to the Plan, including processing any further requests for withdrawals without the sole authorization of the Trustee.

30. Absent relief from this Court, there is a substantial threat that the Plan participants will suffer immediate and irreparable injury from the Defendant's ongoing refusal to halt Plan withdrawals, as instructed by the Trustee.

31. The Plaintiff has a substantial likelihood of success on the merits of Counts I and III for the reasons set forth herein.

32. The Plaintiff has no adequate remedy at law.

## COUNT III
## BREACH OF FIDUCIARY DUTY

33. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

34. Under the Bankruptcy Code, no other person or entity, including Defendant, has authority to take any action with respect to the Plan without the Trustee's authorization.

35. The Defendant was not authorized to act regarding the Plan without the Trustee's approval, including processing withdrawals from the Plan.

36. Nonetheless, the Defendant contravened the Trustee's express instructions to the contrary and processed four Plan withdrawals subsequent to the Petition Date.

37. By assuming discretion and control over the Plan assets, Guideline owes fiduciary duties to the Plan participants, including duties of care, loyalty and good faith.

38. As alleged herein, Guideline's actions and refusal to act resulted in breaches its fiduciary duties to the Plan participants thereby causing direct losses in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that the Court enter judgment against the Defendant and providing the following relief:

(a) Declaring that the Defendant does not have authority or permission make any distributions to plan participants without the Trustee's express authorization;

(b) Temporarily enjoining the Defendant and any of its affiliates from taking any actions with respect to the Plan, including processing withdrawals, without the Trustee's express prior authorization and instruction;

(c) Awarding judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial, for all damages and losses sustained by the Plan participants, including without limitation punitive damages, as a result of Defendant's breaches of fiduciary duties;

(d) Granting the Plaintiff its attorneys' fees and costs reasonably incurred in connection with this action; and

(e) Granting such other and further relief as the Court deems just and proper.

Dated: June 6, 2023                                  **ASHBY & GEDDES, P.A.**

/s/ *Don A. Beskrone*
Don A. Beskrone (DE Bar No. 4380)
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
Tel: (302) 654-1888
Fax: (302) 654-2067
Email:  DBeskrone@ashbygeddes.com
            GTaylor@ashbygeddes.com

*(Proposed) Counsel to Don A. Beskrone, Chapter 7 Trustee to Underground Enterprises, Inc. d/b/a Underground Cellar and Phoeno Wine Company, Inc.*