# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| PHOENO WINE COMPANY, INC., et al. | ) Case No. 23-10554 (KBO) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Objections Due: June 21, 2023 at 4:00 p.m.** |
| | ) **Hearing Date: June 28, 2023 at 1:00 p.m.** |

## MOTION OF CHAPTER 7 TRUSTEE TO LIMIT NOTICE AND ESTABLISH NOTICING PROCEDURES PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 6007 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Don A Beskrone, Chapter 7 Trustee (the "Trustee") of the bankruptcy Estates (the "Estates") of the above-captioned Debtors (the "Debtors"), hereby moves the Court (the "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), to limit notice and establish noticing procedures pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6007, and 9007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.    This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). The Trustee confirms his consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

---

[1] The last four digits of the Debtor's federal tax identification number are X-5273.

{01915298;v1 }

enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6007 and 9007.

## RELEVANT BACKGROUND[2]

1. Prior to the Petition Date (as defined below), the Debtors provided membership to an online wine marketplace for discovering and buying premium wine that randomly rewarded consumers with free upgrades to rare and private-stash bottles from prestigious wineries.

2. On May 1, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases").

3. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as Chapter 7 Trustee in the Cases.

4. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 13, 2023.

## RELIEF REQUESTED AND BASIS THEREFOR

5. By way of this Motion, and pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6007 and 9007, the Trustee seeks the entry of the Proposed Order limiting notice of certain pleadings and papers and establishing notice procedures to be followed by the Trustee and other parties when filing certain pleadings and papers with the Court.

6. Through the notice procedures requested herein, the Trustee seeks to ensure that adequate notice of all pleadings and papers is provided to true parties-in-interest, while limiting

---

[2] The Trustee recites this background based on a preliminary and ongoing investigation of the Debtors and their business. The Trustee reserves the right to delete, amend, or expand upon any statement of fact as the Trustee and his professionals learn more about the Debtors.

{01915298;v1 }

2

the unnecessary cost and expense that would be incurred if notice of every matter filed in these cases were required to be provided to each and every creditor and party-in-interest.

7.    Here, per the Debtors' schedules and the docket, there are over 20,000 creditors and other parties-in-interest in these cases that may be entitled to certain notices, including notice under Bankruptcy Rules 2002, 6004, 6007, 9007, and Rule 2002-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

8.    In particular, Bankruptcy Rule 2002(a) provides that as a general rule, "all creditors and indenture trustees" must receive notice of certain matters, including: (a) "a proposed use, sale or lease of property of the Estates other than in the ordinary course of business" (Fed. R. Bankr. P. 2002(a)(2)); (b) "the hearing on approval of [a] compromise or settlement of a controversy" (Fed. R. Bankr. P. 2002(a)(31)); and (c) "hearings on all applications for compensation and reimbursement of expenses (Fed. R. Bankr. P. 2002(a)(6)). Similarly, Bankruptcy Rule 6007 provides that the same broad notice be given of "a proposed abandonment or disposition of property." Fed. R. Bankr. P. 6007(a).

9.    Bankruptcy Rule 2002(i), however, authorizes the Court to limit the amount of notice required by subdivisions (a)(2), (3) and (6) of Bankruptcy Rule 2002.[3] Bankruptcy Rule 6007 similarly provides for notice of abandonment or disposition of property to be given to specified parties "as the court may direct." Fed. R. Bankr. P. 6007(a). In addition, Bankruptcy Rule 2002(m) specifically empowers a court to "enter orders designating the matter in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). Bankruptcy Rule 9007 also provides that "[w]hen notice is to be given under [the Bankruptcy Rules], the court

---

[3] Bankruptcy Rule 2002(i) provides, in relevant part: "a court may order that notices required by [these] subdivisions . . . be transmitted to the United States Trustee and mailed only to committees elected under 11 U.S.C. § 705 or appointed under § 1102 of the Code or to their authorized agents and creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them." Fed. R. Bankr. P. 2002(i).

{01915298;v1 }

3

shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007. Finally, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Pursuant to the above-referenced Bankruptcy Rules and section 105(a) of the Bankruptcy Code, the Trustee requests that the Court order that notice for all pleadings and papers that fall within the scope of Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), 6004, 6007 and 9007 be limited to the following parties (or their counsel, if known):

    a. The Debtors;

    b. The Office of the United States Trustee;

    c. Triple Point Private Venture Credit, Inc.;

    d. All entities that file requests for notice pursuant to Bankruptcy Rule 2002 in these cases; and

    e. All parties-in-interest specifically impacted by any such pleadings or papers.

16. Given the large number of creditors, potential creditors and parties-in-interest in these cases, and the concomitant expense associated with the broad noticing of each filing described herein, the limitation on notice sought herein is reasonable, appropriate, and in the best interest of the Estates and creditors. Further, to the extent that any creditor or party-in-interest desires to obtain notice of all matters filed with the Court, they need only file with the Court and serve upon the Trustee an entry of appearance and request for service of notices pursuant to Bankruptcy Rule 2002.

## NOTICE

17. Notice of this Motion has been given to: (a) the Debtors, (b) the Office of the United States Trustee, (c) Triple Point Private Venture Credit, Inc. and (d) all parties that have previously

requested notice in these cases pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

18.     No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order, attached as **Exhibit A**, granting the relief requested in this Motion and grant the Trustee any further relief as is just and proper.

| | |
|---|---|
| Dated: June 14, 2023<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Gregory A. Taylor*<br>Gregory A. Taylor (No. 4008)<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE  19899<br>Phone: (302) 654-1888<br>Facsimile: (302) 654-2067<br><br>*Proposed Counsel for Don A. Beskrone,*<br>*Chapter 7 Trustee* |