**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Phoeno Wine Company, Inc., *et al*., | Case No. 23-10554 (KBO) |
| Debtors. | Jointly Administered |
| | **Hearing Date: TBD**<br>**Objection Deadline: TBD** |

**MOTION OF HPD CONSOLIDATION, INC. DBA VALLEY WINE WAREHOUSE TO
RECLAIM POSSESSION OF NON-ESTATE PERSONAL PROPERTY**

HPD Consolidation, Inc. dba Valley Wine Warehouse ("Valley Wine Warehouse") hereby

moves for entry of an Order authorizing Valley Wine Warehouse to reclaim its non-estate personal

property stored by Debtor Pheono Wine Company, Inc.   In support of this Motion, Valley Wine

Warehouse respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Pursuant to a certain Storage Agreement for Merchandise Warehouse (the "Storage

Agreement"), Debtor Phoeno Wine Company, Inc. ("Phoeno") and Valley Wine Warehouse

agreed that Valley Wine Warehouse would tender certain goods to Phoeno which, in turn, would

store the goods at its facility located at 1166 Commerce Blvd., American Canyon, CA (the

"Warehouse") and then release goods to Valley Wine Warehouse or its designated recipient.  The

goods included wine and empty wine bottles which were in cases and/or on pallets, shrink wrapped

and identified as the property of Valley Wine Warehouse.

2.      Phoeno holds Valley Wine Warehouse's goods as a bailee or agent only and has no

ownership interest in the goods.  Valley Wine Warehouse's goods do not constitute property of

Phoeno's bankruptcy estate.  Valley Wine Warehouse has an urgent need to recover its goods in

the Warehouse.  In particular, Valley Wine Warehouse has separate contractual obligations with

its clients to provide the goods in the Warehouse to its clients.  If Valley Wine Warehouse is not able to remove its goods from the Warehouse, it may not be able to fulfill its obligations to its clients.

3.      Valley Wine Warehouse has been in communications with the Trustee in an attempt to reach an agreement regarding removal of the goods from the Warehouse.  In connection with those discussions, the Trustee requested that Valley Wine Warehouse file a motion with the Court in order to provide parties with notice of the relief requested herein.  Valley Wine Warehouse and the Trustee are continuing to discuss a consensual resolution of this matter.

## JURISDICTION

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 105, 362, and 541 of the Bankruptcy Code.

5.      Pursuant to Del. Bankr. L.R. 9013-1(f), Valley Wine Warehouse consents to the entry of final orders solely with regards to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

6.      On May 1, 2023 (the "Petition Date"), Pheono and its affiliated entity, Underground Enterprises, Inc. dba Underground Cellar (collectively, the "Debtors"), each filed petitions for relief under chapter 7 of the Bankruptcy Code with this Court.  Don A. Beskone has been appointed as Chapter 7 Trustee for the Debtors' estates (the "Trustee"). The Section 341 Meeting of Creditors was held on June 13, 2023.

7.       On or about June 15, 2022, Phoeno and Valley Wine entered into the Storage Agreement.  A copy of the Storage Agreement is attached as Exhibit A to the Declaration of John Wojtas (the "Wojtas Declaration") filed herewith.

8.       Pursuant to the Storage Agreement, the parties agreed that Valley Wine Warehouse would tender certain goods to Phoeno which, in turn, would store the goods at the Warehouse and then release goods to Valley Wine Warehouse or its designated recipient.  The goods included wine and empty wine bottles which were in cases and/or on pallets, shrink wrapped and identified as the property of Valley Wine Warehouse.

9.       As of the Petition Date, Valley Wine Warehouse stored 63,198 units at the Warehouse, including 35,728 units of empty glass inventory in cases, 650 units of empty glass inventory in pallet units and 26,820 units of wine inventory in cases (collectively, the Valley Wine Warehouse Goods"). Descriptions of the Valley Wine Warehouse Goods stored by Valley Wine Warehouse at the Warehouse are reflected in the "Inventory Summary at 1166 Commerce" attached as Exhibit B to the Wojtas Declaration.

10.      The Storage Agreement includes charges for various services rendered by Phoeno, including charges for storing the Valley Wine Warehouse Goods ($1.10 per square foot per month), charges for handling ($7.00 per incoming pallet and $7.00 for outgoing pallet), charges for preparing every bill of lading ($3.00/each) and $35 per hour for unanticipated labor such as repairing pallets and re-wrapping the Valley Wine Warehouse Goods.

11.      Section 2 of the Storage Agreement explicitly provides that "[Phoeno] is only a warehouse and has no beneficial title or interest in [the Valley Wine Warehouse Goods]."[1]

---

[1] At the section 341 meeting of creditors the Debtors' representatives described the relationship between Phoeno and Valley Wine Warehouse as a subletting relationship, and a means for the Debtor(s) to defray its significant rental expenses for the Warehouse.  In addition, Mr. Ord, the CEO of Phoeno, testified that Valley Wine Warehouse Goods were stored separately from inventory earmarked for the Debtors' customers.

**RELIEF REQUESTED AND BASIS THEREFOR**

12.     By this Motion, Valley Wine Warehouse respectfully requests entry of an Order authorizing Valley Wine Warehouse to reclaim the Valley Wine Warehouse Goods stored in the Warehouse.

**A.     The Valley Wine Warehouse Goods are not Property of the Debtors' Estates**

13.     The nature of a creditor's property rights in bankruptcy is defined by state law. *Butner v. United States,* 440 U.S. 48, 54 (1979); *In re Skelly Jr.*, 38 B.R. 1000, 1001 (D. Del. 1984).  State law also defines the nature and extent of a debtor's property and, therefore, the estate's interest in property. *Butner* 440 U.S. at 54; *In re MTE Holdings LLC*, 631 B.R. 690, 693 (Bankr. D. Del. 2021)

14.     As a threshold matter, the Storage Agreement itself clearly sets forth that Phoeno has no beneficial title or interest in the Valley Wine Warehouse Goods (*see* Storage Agreement § 2).  Regardless, California law is equally clear that the Valley Wine Warehouse Goods are not property of the Debtors' estates.[2]

15.     The Storage Agreement creates a bailment relationship between Valley Wine Warehouse (as bailor) and Phono as (bailee).  Under its ordinary legal meaning, a "bailment" involves the delivery of personal property by one party to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed, and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it. *See* 5 *Collier on Bankruptcy,* ¶ 541.05[1][a] (16th ed. 2010); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1126 (N.D. Cal. 2008), *aff'd,* 380 F. App'x 689 (9th Cir. 2010) ("The Ninth Circuit, relying on California law, has defined bailment as "the deposit of personal property with another,

---

[2] Section 13(a) of the Storage Agreement provides that California law, including Article 7 of the Uniform Commercial Code, as enacted in California, governs.

usually for a particular purpose."); *Whitcombe v. Stevedoring Servs. of Am.,* 2 F.3d 312, 317 (9th Cir.1993) (stating "California law generally defines a bailment as the delivery of a thing in trust for a purpose upon an implied or express contract") (internal citation omitted); *Earhart v. Callan,* 221 F.2d 160, 163 (9th Cir.1955) (defining a bailment as "the relationship arising when personal property is delivered to another for some particular purpose upon an express or implied contract to redeliver the goods when the purpose has been fulfilled or to otherwise deal with the goods according to the bailor's directions")

16.     The Storage Agreement plainly fits within the definition of a bailment relationship. The Storage specifically provides that Valley Wine Warehouse will tender the Valley Wine Warehouse Goods to Phoeno which, in turn, will store the goods at the Warehouse in exchange for Valley Wine Warehouse's payment of agreed charges, and that Phoeno will release goods to Valley Wine Warehouse or its designated recipient upon request.  Moreover, section 13(a) of the Storage Agreement expressly provides that the Storage Agreement is governed by Article 7 of the Uniform Commercial Code, as enacted by California.  Article 7 of the U.C.C. governs bailment relationships, such as the one created by the Storage Agreement.  *See* 9 Cal. Jur. 3d Bailments § 6 (noting that "numerous types of transactions or agreements constitute a bailment, including depositing or leaving personal property in the care of another for a consideration until the depositor or owner calls for it or demands redelivery" and that "if the arrangement involves a warehouse receipt, bill of lading, or other document of title, it is governed by the Uniform Commercial Code. Cal. Com. Code, §§ 7101 et seq.")

17.     Given the bailment relationship, the Debtors own no interest in the Valley Wine Warehouse Goods and such goods are not property of the bankruptcy estates under section 541 of the Bankruptcy Code.  *The Guild and Gallery Plus. Inc.,* 72 F.3d 1171, 1173 (3d Cir.1996)

(determining that paintings in an art gallery's possession, that was acting only as bailee at the time the art gallery filed for bankruptcy, was not included in the "property of the estate," as defined by section 541 of the Bankruptcy Code.)   Indeed, under bankruptcy law, absent state statutory enactment to the contrary, if property was in a debtor's hands as bailee or agent, the trustee holds it as such, and the bailor can recover the property or its proceeds. 4 Collier 15th Ed. 541–40 § 541.08; *In re STN Enterprises, Inc.*, 47 B.R. 315, 318 (Bankr. D. Vt. 1985); *In re Childress*, 182 B.R. 545, 555 (Bankr. W.D. Mo. 1995).   *See also In re Veon, Inc.,* 12 B.R. 186, 188 (Bankr.W.D.Pa.1981); ; *In re Cox Cotton Company*, 24 B.R. 930, 935 (E.D.Ark.1982); *Devita Fruit Co. v. FCA Leasing Corp.,* 473 F.2d 585 (6th Cir.1973).

18.   Based on the foregoing, the Court should authorize and order the Trustee to deliver possession of the Valley Wine Warehouse Goods to Valley Wine Warehouse.   Indeed, the prompt delivery of possession of such property to Valley Wine Warehouse is in the best interests of the estates as it will reduce and/or mitigate potential claims against the estates. When a bailee fails to return the property that is subject to bailment, or fails to use such property in the manner intended by the bailor, the bailee may be liable to the bailor. *See e.g.*, *Lembaga Enterprises, Inc. v. Cace Trucking & Warehouse, Inc.,* 320 N.J.Super. 501 (1999) (citations omitted). Valley Wine Warehouse is prepared to take immediate possession of the Valley Wine Warehouse Goods, using its own personnel and equipment.

**B.    To the Extent the Automatic Stay Applies, It Should be Lifted**

19.   Valley Wine Warehouse asserts that the automatic stay does not apply here because the Debtors' estates have no interest in the Valley Wine Warehouse Goods.  However, to the extent that the automatic stay is determined to prohibit removal of the Valley Wine Warehouse Goods,

6

Valley Wine Warehouse asserts that cause exists to lift the stay to permit Valley Wine Warehouse to remove such goods from the Warehouse.

20.    Section 362(d)(1) provides that a court may terminate or modify the automatic stay upon the request of a party in interest "for cause." 11 U.S.C. § 362(d)(1).  Cause is not defined in the Bankruptcy Code; it must be "determined on a case-by-case basis."  *Izzarelli v. Rexene Products Co.* (*In re Rexene Products Co.*), 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *Matter of Fernstorm Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)).  "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay."  *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

21.    Here, cause clearly exists to lift the stay to enable Valley Wine Warehouse to remove the Valley Wine Warehouse Goods from the Warehouse.  Lifting the stay does not prejudice the Debtors and, in fact, benefits the Debtors' estates.  As set forth above, the Debtors have no interest in the Valley Wine Warehouse Goods and are only holding them as a bailee or agent.  The Debtors are required to release the Valley Wine Warehouse Goods upon request from Valley Wine Warehouse.  Failure to deliver the Valley Wine Warehouse Goods only serves to increase Valley Wine Warehouse's claims against the Debtors' estates.  Moreover, Valley Wine Warehouse is prepared to take immediate possession of the Valley Wine Warehouse Goods, using its own personnel and equipment, thereby negating any expense or harm to the estates.

22.    By contrast, failure to immediately obtain possession of the Valley Wine Warehouse Goods is causing great prejudice to Valley Wine Warehouse.  Valley Wine Warehouse has various clients to whom the Valley Wine Warehouse Goods must be delivered pursuant to separate agreements.  Valley Wine Warehouse's clients have expressed an immediate need to

obtain possession of the Valley Wine Warehouse Goods.  Failure to deliver could result in significant harm to Valley Wine Warehouse.

## **NO PRIOR REQUEST**

23.    No prior request for the relief sought in this Motion has been made to this or any other Court.

## **NOTICE**

24.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel for the Trustee; and (c) all other parties listed on the attached certificate of service.

WHEREFORE, Valley Wine Warehouse requests that the Court an order authorizing and directing the Chapter 7 Trustee to deliver possession of all Valley Wine Warehouse Goods to Valley Wine Warehouse and for such other and further relief as the court deems just and proper.


Dated: June 20, 2023                     **ARCHER & GREINER, P.C.**


                                         */s/ Alan M. Root*
                                         Alan M. Root (No. 5427)
                                         300 Delaware Ave., Suite 1100
                                         Wilmington, DE 19801
                                         Telephone: (302) 777-4350
                                         Email: aroot@archerlaw.com


                                         *Attorneys for Valley Wine Warehouse*