**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PHOENO WINE COMPANY, INC., et al. | ) | Case No. 23-10554 (KBO) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  July 18, 2023 at 9:30 a.m. (ET)** |
| | ) | **Objections Due: July 11, 2023 at 4:00 p.m. (ET)** |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN
ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO
11 U.S.C. §§ 105, 362, AND 363, FED. R. BANKR. P. 4001,
AND DEL. BANKR. L.R. 4001-2**

Don A. Beskrone, Chapter 7 Trustee (the "Trustee") of the above-captioned debtors and their respective estates, by and through his undersigned counsel, pursuant to sections 105, 362, and 363 of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby files his *Motion for an Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§ 105, 362, and 363, Fed. R. Bankr. P. 4001, and Del. Bankr. L.R. 4001-2* (the "Motion"), seeking the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the use of cash collateral.  In support of this Motion, the Trustee files and incorporates herein by reference the *Declaration of Don A. Beskrone, Chapter 7 Trustee, in Support of Motion of Don A. Beskrone, Chapter 7 Trustee, for an Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§ 105, 362, and 363, Fed. R. Bankr.*

---

[1] The last four digits of the Debtor's federal tax identification number are X-5273.

*P. 4001, and Del. Bankr. L.R. 4001-2* (the "Beskrone Declaration"), attached hereto as **Exhibit B**, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court (the "Bankruptcy Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2.      The statutory predicates for the relief requested herein are sections 105, 362, and 363 of the Bankruptcy Code, Bankruptcy Rule 4001 and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      Pursuant to Rule 9013-1 of the Local Rules, the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4.      Prior to the Petition Date (as defined below), the Debtors provided membership to an online wine marketplace for discovering and buying premium wine that randomly rewarded consumers with free upgrades to rare and private-stash bottles from prestigious wineries.  The Debtors' principal place of business and the location of their principal assets is 1166 Commerce Blvd., Suite C & D, American Canyon, CA  94503 (the "Warehouse").  The Debtors currently house approximately 500,000 to 550,000 bottles of wine and champagne (collectively, the "Held Wine") in the Warehouse, which consists of approximately 106,000 square feet of storage space they lease under a sub-sublease agreement, dated October 29, 2021 (the "Warehouse Lease").  The

Warehouse is a secured and climate controlled facility specifically tailored to store the Held Wine in an appropriate manner and at the appropriate temperature.

5.      On May 1, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases").  On the same date, the Debtors filed their schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1].

6.      Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as Chapter 7 Trustee in the Cases.  A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 13, 2023.

7.      Since the date of his appointment, the Trustee has been investigating the assets of the Chapter 7 estates of the Debtors, including one or more potential transactions that may provide a resolution of the competing claims to the Held Wine for the benefit of all stakeholders.

8.      The Trustee has not filed a motion to operate the businesses of the Debtors pursuant to 11 U.S.C. § 721.  The Trustee understands the Debtors currently have no ongoing business operations.

**The Debtors' Prepetition Financing Facility**

9.      Prior to the Petition Date, the Debtors, entered into that certain Plain English Growth Capital Loan and Security Agreement, dated as of May 18, 2022 the "Prepetition Note Purchase Agreements" and together with all loan and security documents related thereto, the "Prepetition Credit Documents") by and between Underground Enterprises, Inc. (the "Lead Borrower"), Phoeno Wine Company, Inc. (together with Lead Borrower, the "Co-Borrowers"), the TriplePoint Private Venture Credit Inc., TriplePoint Venture Growth BDC Corp., and

TriplePoint Venture Lending Fund, LLC (together, the "Prepetition Lenders"), and TriplePoint Private Venture Credit, Inc., as collateral agent ("Prepetition Agent" and together with the Prepetition Lenders, the "Prepetition Secured Parties").  In connection with the Prepetition Note Purchase Agreements, the Prepetition Secured Parties claim to hold first priority, continuing liens and security interests in, among other things, all of the Debtors' receivables, equipment, fixtures, general intangibles, intellectual property, inventory, investment property, deposit accounts, cash commercial tort claims, goods and personal property, and proceeds of each of the foregoing.

10.    There currently exists a dispute as to the ownership of the Held Wine.  The Prepetition Lenders assert that the Held Wine is owned by the Debtors, and thus constitutes the Prepetition Lenders' collateral.  On the other hand, the Debtors and customers assert that the Held Wine is owned by the customers, and thus not property of the estates, or the Prepetition Lenders' collateral.  The Trustee is investigating the ownership issue, and meanwhile is in discussions with multiple parties to develop a process by which the Trustee can address the disposition of the Held Wine.

11.    As of the filing of this Motion, the Estates hold cash in the aggregate amount of approximately $56,000 ("Cash Collateral"), which amount constitutes cash collateral of the Prepetition Secured Parties under section 363 of the Bankruptcy Code.  In addition, on or about June 13, 2023, the Prepetition Lenders wired cash in the amount of $124,000 (the "Gift Funding" and together with the Cash Collateral, the "Post-Petition Funding") to the Trustee.  The Prepetition Secured Parties have consented to the Trustee's use of the Post-Petition Funding for administration of the Estates as further described below.

12.     The Trustee believes that the Post-Petition Funding will enable the Trustee to pay certain immediately necessary expenses and thereby preserve his ability to explore the possibility of entering into one or more value maximizing transactions for the benefit of all stakeholders.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13.     The Trustee seeks authorization to use Cash Collateral pursuant to Section 363(c)(1) of the Bankruptcy Code.

14.     Pursuant to Local Rule 4001-2, the following is a concise statement and summary of the proposed material terms of the Trustee's use of Cash Collateral:[2]

| Term | Summary of Material Term | Location |
|---|---|---|
| Parties with an Interest in Cash Collateral | The Prepetition Secured Parties. | NA |
| Use of Cash Collateral: | The Prepetition Secured Parties consent to the Trustee's use of "cash collateral" (as defined in section 363(a) of the Bankruptcy Code) to pay, among other things, the following expenses of administration of the Estates:<br><br>• Warehouse Lease rent for June ($101,954.00)<br>• Utility deposit ($7,500.00)[3]<br>• Phone/internet ($300.00)<br>• Warehouse security ($750.00)<br>• Trash removal ($1,500.00)<br>• Inventory/Accounting software license ($25,421.33)[4]<br>• Inventory Management Consultant ($11,055.00)<br>• Payroll Service ($291.00), and<br>• Insurance ($10,500.00)<br><br>**Total                    $159,271.33** | NA |

---

[2] Substantially all of the provision listed in Local Rule 4001-2 that would be required to be identified and specifically justified are inapplicable to the relief requested in this Motion.

[3] On account of the requirements of section 366 of the Bankruptcy Code, the Trustee provided this deposit within the first 20 days following the Petition Date with the consent of the Prepetition Secured Parties.

[4] On account of emergent circumstances, the Trustee made this payment on June 20, 2023 with the consent of the Prepetition Secured Parties.

| Adequate protection: | None | NA |
|---|---|---|
| Releases: | None | NA |
| Payments: | The Prepetition Secured Parties reserve all rights to repayment under the Prepetition Credit Documents, provided, however, the Prepetition Secured Parties waive repayment of the Gift Funding. | NA |

**A.  Authorization to Use Cash Collateral Pursuant to 363(c)(1)**

15.     The Trustee's use of property of the Debtor's estate is governed by section 363 of the Bankruptcy Code. Section 363(c)(1) provides, in pertinent part, that: "If the business of the debtor is authorized to be operated under section... 1108… of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or hearing, and may use property of the estate in the ordinary course of business without notice or hearing." 11 U.S.C. § 363(c)(1). The Bankruptcy Code establishes a special requirement, however, regarding the trustee's use of "cash collateral," defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest. . . ." 11 U.S.C. § 363(a).

16.     Bankruptcy Code section 363(c)(2) permits the trustee to use, sell or lease cash collateral under subsection (c)( 1) if either of two alternative circumstances exist:

(A)     each entity that has an interest in such cash collateral consents; or

(B)     the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

17.     The Trustee believes that the requirements of section 363(c)(2) permitting the use of Cash Collateral have been met under section 363(c)(1)(A) because the Prepetition Secured Parties who have an interest in the Cash Collateral have consented to its use as described herein.

**NOTICE**

18.     Notice of this Motion has been given to: (a) the Debtors, (b) the Office of the United States Trustee, (c) Triple Point Private Venture Credit, Inc. and (d) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002.  The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

**NO PRIOR REQUEST**

19.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

| Dated:  June 26, 2023<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Gregory A. Taylor*<br>Gregory A. Taylor (No. 4008)<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE  19899<br>Phone: (302) 654-1888<br>Facsimile: (302) 654-2067<br><br>*Counsel for Don A. Beskrone, Chapter 7 Trustee* |
| --- | --- |