IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Phoeno Wine Company, Inc., *et al*<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10554 (KBO)<br><br>(Jointly Administered)<br><br>**Objections Due: September 6, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: September 13, 2023 at 10:30 a.m. (ET)** |
| Don A. Beskrone, Chapter 7 Trustee for PHOENO WINE COMPANY, INC., *ET AL*<br><br>Plaintiff,<br><br>v.<br><br>GUIDELINE, INC.<br><br>Defendant. | Adv. Proc. No: 23-50398 (KBO) |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, TO
APPROVE SETTLEMENT OF ADVERSARY PROCEEDING PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Don A. Beskrone, Chapter 7 Trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their respective estates (the "Estates"), by and through his undersigned counsel, hereby moves the Court (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (as may be amended, the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of settlement of certain claims for declaratory relief, injunctive relief and monetary damages. In support thereof, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court (the "Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§

{01926534;v1 }

157 and 1334.  The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019(a) and section 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

3. Pursuant to Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. The Trustee understands that prior to the Petition Date (as defined below), the Debtors provided membership to an online wine marketplace for discovering and buying premium wine that randomly rewarded consumers with free upgrades to rare and private-stash bottles from prestigious wineries.

5. On May 1, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases").

6. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as Chapter 7 Trustee in the Cases.  A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 13, 2023.

7. Since the date of his appointment, the Trustee has been investigating the assets and liabilities of the Chapter 7 estates of the Debtors with the goal of maximizing the value of the Estates for the benefit of all stakeholders.

8. The Trustee has not filed a motion to operate the businesses of the Debtors pursuant to 11 U.S.C. § 721. The Trustee understands the Debtors currently have no ongoing business operations.

**The Adversary Proceeding**

9. On June 6, 2023, the Trustee/Plaintiff filed his Complaint [Adv. D.I. 1] commencing the above-captioned adversary proceeding (the "Adversary Proceeding") asserting claims for declaratory relief, injunctive relief and damages (together, the "Claims") against defendant, Guideline, Inc. ("Guideline") in connection with the Trustee's efforts to administer the Debtor Underground Enterprises, Inc.'s 401(k) Plan (the "401(k) Plan"), and a *Motion for a Temporary Restraining Order and Preliminary Injunction* [Adv. D.I. 6] (the "TRO Motion").

10. On June 7, 2023, the Court entered that certain Order Granting Plaintiff's Motion for a Temporary Restraining Order [Adv. D.I. 3] (the "TRO").

11. On June 20, 2023, the Court entered that certain Consent Order [Adv. D.I. 9] (the "PI Order") imposing a preliminary injunction that remains in effect.

12. Both before and subsequent to the entry of the PI Order, the Trustee engaged in discussions and/or settlement communications with Guideline. After good faith, arms-length negotiations, the Trustee and Guideline have agreed to settle (the "Settlement") the Trustee's Claims against Guideline in accordance with the terms summarized below and set forth in the settlement agreement (the "Settlement Agreement") attached hereto as **Exhibit A**. By this Motion, the Trustee seeks approval of the Settlement pursuant to Rule 9019(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

## BASIS FOR RELIEF

13. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that after notice and a hearing, the Court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.,* 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

14. When analyzing settlements, Courts in the Third Circuit generally consider:

    (a)    the probability of success in litigation;

    (b)    the likely difficulties in collection;

    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d)    the paramount interest of the creditors.

*See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir. 2002); *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996). To approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

## RELIEF REQUESTED

15. The Trustee respectfully requests approval of the Settlement of the Trustee's Claims against Guideline.

16. The Trustee's claims for declaratory and injunctive relief were substantially resolved on a preliminary basis by virtue of the entry of the PI Order. The Trustee's aggregate demand against

Guideline as stated in the Complaint is an amount to be determined at trial plus an award of attorneys' fees and costs reasonably incurred in connection with the adversary action.

17. Guideline denies any liability on account of the Asserted Claims. Nonetheless, in an effort to avoid the expense of litigation, the Trustee and Guideline have agreed to resolve the Trustee's claim for payment from Guideline to the 401(k) Plan in the amount of $3,113.17, which amount is equal to the pro rata share of professional fees and costs allocable to the four 401(k) Plan participants who were permitted to take distributions from the 401(k) Plan prior to the entry of the TRO. In addition, the preliminary injunction imposed by the terms of the PI Order shall remain effective until the termination of the 401(k) Plan.

18. The Trustee respectfully submits that the terms of the Settlement Agreement satisfy the criteria for approval under Bankruptcy Rule 9019. First, the Trustee negotiated at arms-length with Guideline. The Trustee believed that he stated meritorious claims against Guideline. However, there was attendant risk and cost associated with pursuing the claims, and no assurance that the Court would find in favor of the Trustee for all or a significant portion of the amounts sought. Guideline has and continues to deny all liability with regard to such claims. In light of the foregoing, the Trustee believes the Settlement represents a reasonable and fair resolution of the Asserted Claims against Guideline.

19. The second criterion – the likely difficulties in collection – also favors settlement. It is uncertain whether there would be difficulty in collecting any judgment entered against Guideline. However, the Settlement removes uncertainty of collection as Guideline has furnished, or promised to furnish, the consideration for settlement as a condition of settlement.

20. The third criterion also favors settlement. Settlement will enable the Trustee and Guideline to save the time and expense associated with litigation of the Asserted Claims.

21. Finally, the creditors of the Debtor's estate, namely the participants in the Underground Enterprises, Inc. 401(k) Plan, will receive benefits from the Settlement as a result of the settlement payment by Guideline to the 401(k) Plan of $3,113.17.

## NOTICE

22. Notice of this Motion, together with a copy of the Motion, has been served on: (a) the Debtors, (b) the Office of the United States Trustee, (c) Triple Point Private Venture Credit, Inc., (d) each of the participants in the Underground Enterprises, Inc. 401(k) Plan and (e) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

## NO PRIOR REQUEST

23. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for all the foregoing reasons, the Trustee respectfully requests that the Court enter an Order in the form attached hereto approving the Settlement and granting such other relief as the Court deems just and proper.

Dated:  August 22, 2023 **ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
Email: gtaylor@ashbygeddes.com

*Counsel to Don A. Beskrone,*
*Chapter 7 Trustee of the Debtors*