## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PHOENO WINE COMPANY, INC., *et al*[1] | ) | Case No. 23-10554 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections Due: September 6, 2023 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: September 13, 2023 at 10:30 a.m. (ET)** |

### SUPPLEMENTAL APPLICATION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 328, FED. R. BANKR. P. 2014 AND 2016, AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT OF ASHBY & GEDDES, P.A., *NUNC PRO TUNC* TO MAY 1, 2023

Don A. Beskrone, Chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their estates, pursuant to 11 U.S.C. §§ 327 and 328 of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of the form Delaware (the "Local Rules"), hereby files this supplemental application (the "Supplemental Application") seeking entry of an Order, substantially in attached here to as **Exhibit A**, authorizing the employment and retention of Ashby & Geddes, P.A. ("Ashby & Geddes") as counsel, *nunc pro tunc* to May 1, 2023.  In support of the Supplemental Application, the Trustee incorporates by reference the Affidavit of Gregory A. Taylor, attached hereto as **Exhibit B** (the "Taylor Affidavit") as well as (i) the *Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and 330, Fed. R. Bankr. P. 2014 and 2016, and Local Rule 2014-1, Authorizing the Employment of Ashby & Geddes, P.A., as Counsel to Don A. Beskrone, Chapter 7 Trustee, Nunc Pro Tunc to May 1, 2023*

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Phoeno Wine Company, Inc. (5273) and Underground Enterprises, Inc. d/b/a Underground Cellar (7930).

(the "Primary Application") (D.I. 34), and (ii) the *Affidavit of Gregory A. Taylor in Support of Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and 330, Fed. R. Bankr. P. 2014 and 2016, and Local Rule 2014-1, Authorizing the Employment of Ashby & Geddes, P.A., as Counsel to Don A. Beskrone, Chapter 7 Trustee, Nunc Pro Tunc to May 1, 2023* (the "Primary Declaration") (D.I. 34-3), which were filed on May 26, 2023. In further support of the Supplemental Application, the Trustee respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.      This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal predicates for the relief requested herein are sections 327, and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## Relevant Background[2]

5.      On May 1, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases").

6.      Following the filing of the bankruptcy petition, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Case.

7.      A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) is scheduled for June 13, 2023.

---

[2] The Trustee recites this background based on a preliminary investigation of the Debtor and its business. The Trustee reserves his right to amend or alter this background or other asserted statement of fact as the Trustee and his professionals learn more about the Debtor through further investigation.

8.      On June 21, 2023, the Court entered that certain Order [D.I. 100] (the "Primary Retention Order") approving the Primary Application and authorizing the Trustee to retain Ashby & Geddes as his counsel, nunc pro tunc to May 1, 2023.

9.      The Trustee is in the process of investigating the Debtors' assets with the intent of maximizing value for the benefit of creditors.

**Relief Requested**
**Scope of Additional Services**

10.     By this Supplemental Application, the Trustee seeks the entry of an Order authorizing employment and retention of Ashby & Geddes pursuant to sections 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1 as his accountants, effective *nunc pro tunc* to May 1, 2023 in order to clarify the scope of Ashby & Geddes' services with respect to legal services (including litigation) regarding the 401(k) plan (the "401(k) Plan") of Debtor, Underground Enterprises, Inc. d/b/a Underground Cellar (the "Debtor, Underground") and an alternate payment structure for Ashby & Geddes' fees and expenses related to such services.

11.     The Primary Application requested Court authorization and approval of Ashby & Geddes' retention to perform services generally related to the administration of the Debtors' estate. By this Supplemental Application, the Trustee seeks to clarify and disclose the means by which Ashby & Geddes shall be compensated for fees and expenses incurred related to the legal services regarding the Debtor, Underground's 401(k) Plan, which services, more specifically, may include:

     a.   Drafting Complaint and Motion for Temporary Restraining Order;

     b.   Negotiating with counsel for Plan's Record Keeper, Guideline Inc. ("Guideline") concerning resolution of Complaint and Motion for Temporary Restraining Order; and

     c.   Documenting and seeking Bankruptcy Court approval of the resolution reached with Guideline.

Ashby & Geddes seeks authorization for a flat fee of $12,000.00 for such services, which shall be paid as an expense of administration of the 401(k) Plan, and shall be paid solely from the funds of the 401(k) Plan.  No fees or expenses for such services shall be paid from property of the Debtors' estates.

12.    The Trustee understands and believes that the proposed fee arrangements related to the foregoing services is on-par with rates and structures charged by similarly situated firms. Moreover, insofar as the foregoing services are to be performed solely as they relate to the Debtor, Underground's 401(k) Plan, and because the flat fee payment for such services will be borne by the 401(k) Plan, the Trustee believes that Ashby & Geddes should not be required to file fee and expense applications with this Court for their services related to the 401(k) Plan, and thus requests that it be excused from doing so (to the extent otherwise required).

## Basis for Relief

13.    Consistent with the Primary Application, the Trustee seeks approval of the Supplemental Application pursuant to Bankruptcy Code sections 327 and 328.  As set forth below, the Trustee believes Ashby & Geddes satisfies the disinterestedness standard of section 327(a). As set forth in section 327(a) of the Bankruptcy Code, a trustee, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).  The term "disinterested person" is defined as "a person that—(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the

filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14).

14.     Moreover, section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to Court approval, professional persons to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. *See* 11 U.S.C. § 328(a).

### A.     Ashby & Geddes' Qualifications

15.     As set forth in the Primary Application, the Trustee seeks to retain Ashby & Geddes as his counsel because of Ashby & Geddes's knowledge and expertise in providing bankruptcy and litigation services to bankruptcy trustees and debtors.  The Trustee believes that Ashby & Geddes is well suited and uniquely qualified to represent him regarding the litigation association with Debtor's 401(k) Plan.

16.     The Trustee believes that Ashby & Geddes is eminently qualified to serve in these cases and that, accordingly, the employment of Ashby & Geddes by the Trustee as set forth in both the Primary Application and this Supplemental Application is in the best interest of the estate.

### B. Ashby & Geddes Is Disinterested

17.     The Trustee further believes that Ashby & Geddes has no disqualifying conflicts of interest.  As set forth in the Primary Application, the Primary Affidavit and the Taylor Affidavit, and subject to the disclosures made therein, after due inquiry, Ashby & Geddes, nor any of their principal or professional employees of (a) are related professionally to any of the Debtors, their

creditors or any other party in interest herein, the United States Trustee, or anyone employed in the United States Trustee's office, or (b) have any connection with or hold or represent any interest adverse to the Debtors, their estates, creditors, or any other party-in-interest herein or their respective attorneys in the matters for which Ashby & Geddes has been, and is proposed to be, retained.

18.     Indeed, to the best of the Trustee's knowledge, Ashby & Geddes continues to be a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code.  Ashby & Geddes holds no interest adverse to the Debtors or their estates for the matters for which Ashby & Geddes is to be employed.  Ashby & Geddes has no connection to the Debtors, their creditors or their related parties except as otherwise disclosed herein and in the Primary Application, the Supporting Affidavit and the Taylor Affidavit.

### Notice

19.     Notice of this Motion, together with a copy of the Motion, has been served on: (a) the Debtors, (b) the Office of the United States Trustee, (c) Triple Point Private Venture Credit, Inc., (d) each of the participants in the Underground Enterprises, Inc. 401(k) Plan and (e) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

### No Prior Request

20.     Other than as set forth in the Primary Application, no prior motion or application for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: August 22, 2023
      Wilmington, Delaware

/s/ Don A. Beskrone
Don A. Beskrone (DE Bar No. 4380)
Chapter 7 Trustee
P.O. Box  272
Wilmington, DE 19899

*Chapter 7 Trustee of the Debtors*