**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PHOENO WINE COMPANY, INC., et al. | ) | Case No. 23-10554 (KBO) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objections Due: September 8, 2023 at 4:00 p.m.** |
| | ) | **Hearing Date: TBD** |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, TO FURTHER EXTEND THE TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTIONS 365(d)(1) AND (4) OF THE BANKRUPTCY CODE**

Don A. Beskrone, Chapter 7 Trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their respective estates (the "Estates"), by and through his undersigned counsel, pursuant to section 365(d)(1) and (4) and section 105(a) of title 11 of the United States Code (as may be amended, the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files the *Motion of Don A. Beskrone, Chapter 7 Trustee, to Further Extend the Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to Section 365(d)(1) and (4) of the Bankruptcy Code* (the "Motion"), seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") extending the time for the Trustee to assume or reject all executory contracts and unexpired leases to which the Debtors are a counterparty.  In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are X-5273.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.      This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) & (O).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.      The statutory predicates for the relief requested include Bankruptcy Code sections 105(a) and 365(d)(1) and (4), and Bankruptcy Rule 9006(b)(1).

5.      Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee hereby consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**RELEVANT BACKGROUND**

6.      Prior to the Petition Date (as defined below), the Debtors provided membership to an online wine marketplace for discovering and buying premium wine that randomly rewarded consumers with free upgrades to rare and private-stash bottles from prestigious wineries.  The Debtors' principal place of business and the location of its principal assets is 1166 Commerce Blvd., Suite C & D, American Canyon, CA  94503 (the "Warehouse").  The Debtors currently house approximately 500,000 to 550,000 bottles of wine and champagne (collectively, the "Held Wine") in the Warehouse, which consists of approximately 106,000 square feet of storage space they lease under a sub-sublease agreement, dated October 29, 2021 (the "Warehouse Lease").  The Warehouse is a secured and climate controlled facility specifically tailored to store the Held Wine

in an appropriate manner and at the appropriate temperature.  In addition to the Warehouse Lease, the Debtors are party to a number of agreements that facilitate the management of the Debtors' business, inventory control over the Held Wine and fulfillment of customer orders (the "Related Agreements").

7.      On May 1, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases").  On the same date, the Debtors filed their schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1] (the "Schedules").

8.      Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as Chapter 7 Trustee in the Cases.  A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 13, 2023.

9.      Since the date of his appointment, the Trustee has been investigating the assets of the Chapter 7 estates of the Debtors, including one or more potential transactions that may provide a resolution of the competing claims to the Held Wine for the benefit of all stakeholders.  Indeed, the Trustee is currently in discussions with multiple potentially interested parties concerning a potential transaction.  The Trustee anticipates entering into an agreement, subject to Court approval, for a transaction concerning the Debtors' owned and held assets in the near future.

10.     On June 23, 2023, the Court entered that certain *Order Granting Trustee's Motion for Entry of Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(d)(1)* [D.I. 108].  As a result, the statutory deadline to assume or reject executory contracts and unexpired leases was extended to and including August 29, 2023.

11.     The Trustee has not filed a motion to operate the businesses of the Debtors pursuant to 11 U.S.C. § 721.  The Trustee understands the Debtors currently have no ongoing business operations.

**RELIEF REQUESTED**

12.     By this Motion, the Trustee seeks approval of the Order, substantially in the form attached hereto as **Exhibit A,** further extending the time to assume or reject executory contracts and unexpired leases for an additional 60 days to October 28, 2023, pursuant to sections 105(a) and 365(d)(1) and (4) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1).

**BASIS FOR RELIEF REQUESTED**

13.     Section 365(d)(1) of the Bankruptcy Code provides:

> In a case under chapter 7 of this title, if the trustee does not assume or reject executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1); *see also In re Benson*, 76 B.R. 381, 382 (Bankr. D. Del. 1987) (holding that a contract not assumed or rejected, or extension of time requested, within 60 days of the petition date is deemed rejected).

14.     Section 365(d)(4) of the Bankruptcy Code provides:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of--
>      (i) the date that is 120 days after the date of the order for relief; or
>      (ii) the date of the entry of an order confirming a plan.
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

15.     "Cause" is not defined in the Bankruptcy Code, and the determination of whether to grant an extension under section 365 is within the sound discretion of the Court. *See In re Service Merchandise Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

16.     Bankruptcy Rule 9006(b)(1) provides:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).[2]

17.     The currently deadline by which to assume or reject executory contracts and unexpired leases of residential real property and personal property is August 29, 2023. Out of an abundance of caution, the Trustee seeks to extend the deadline to assume or reject executory contracts and unexpired leases under section 365(d)(1) and (4) for an additional 60 days. The Trustee is currently engaged in discussions with multiple interested parties concerning a transaction involving the Debtors' owned and held assets. The Trustee anticipates entering into an agreement with one of those parties in the near future, which agreement will likely involve the assumption and assignment of one or more executory contracts and/or unexpired leases.

---

[2] Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

18.     It is imperative that the Trustee continues to have access to the Warehouse and control over the Held Wine to preserve the Trustee's ability to consummate a transaction for the benefit of all stakeholders.  The Trustee also requires compliance with certain Related Agreements in order to administer the Cases.  Absent the requested extension herein, all executory contracts will be deemed rejected, which may cause significant harm to the Debtors' estates and their creditors because the Trustee may lose access to the Warehouse and control over the Held Wine and/or compliance with the Related Agreements to the detriment of the estates and all stakeholders.

19.     The Trustee submits that "cause" exists under these facts because any potential transaction through which customers' wine orders are fulfilled will require additional access to the Warehouse and use of the systems available to the Debtors pursuant to the other agreements to which the Debtors are a counterparty.  Moreover, no parties will be prejudiced by the limited relief sought by this Motion.

20.     As the Trustee's investigation into the Debtors' assets and liabilities is still ongoing, the Trustee reserves the right to assert that any contracts or leases are not executory in nature and that none of the Debtors is a party to any such contract or lease.

## NOTICE

21.     Notice of this Motion has been given to: (a) the Debtors, (b) the Office of the United States Trustee, (c) Triple Point Private Venture Credit, Inc., (d) the landlord for the Warehouse and (e) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002.  The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

## NO PRIOR REQUEST

22.    Except as otherwise described herein, no prior motion for the relief requested herein

has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an Order, substantially in the

form attached hereto as **Exhibit A**, granting the Trustee an additional 60-day extension of time to

assume or reject all executory contracts and unexpired leases under section 365(d)(1) and (4)

through and including October 28, 2023, and granting the Trustee such other or further relief as

the Court deems just and proper.

Dated:  August 25, 2023                                          **ASHBY & GEDDES**
          Wilmington, Delaware

                                                                  */s/ Gregory A. Taylor*
                                                                  Gregory A. Taylor (No. 4008)
                                                                  500 Delaware Avenue
                                                                  P.O. Box 1150
                                                                  Wilmington, DE  19899
                                                                  Phone: (302) 654-1888
                                                                  Facsimile: (302) 654-2067
                                                                  Email: GTaylor@ashbygeddes.com

                                                                  *Counsel for Don A. Beskrone,*
                                                                  *Chapter 7 Trustee*