# **Exhibit B**

## **(Proposed Order – Redlined)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| PHOENO WINE COMPANY, INC., et al. | Case No. 23-10554 (KBO) |
| Debtors. | (Jointly Administered) |
| | ~~D.I. _____~~<br>Related D.I.    183, 203, 215, 217, 218, 220, 226, _____ |

**ORDER GRANTING MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN ORDER (A) AUTHORIZING THE PRIVATE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) AUTHORIZING ~~PURCHASER TO FULFILL EXISTING CUSTOMER ORDERS, (C) AUTHORIZING~~ ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, ~~(D) AUTHORIZING THE TRUSTEE TO SERVE NOTICE OF THIS MOTION ON CUSTOMERS BY EMAIL, AND (E)~~ AND (C) GRANTING RELATED RELIEF**

Upon consideration of the Motion of Don Beskrone, Chapter 7 Trustee (the "Trustee") of the above-captioned debtors (the "Debtors"),  for an Order (A) Authorizing The Private Sale of Certain Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing ~~Liquid Lotus Corporation (the "~~Purchaser~~")~~ ) to Fulfill Existing Customer Orders, (C) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Authorizing the Trustee to Serve Notice of this Motion on Customers by Email, and (E) Granting Related Relief [Docket No. ~~____]~~183] (the "Sale Motion"); the Court having  held a hearing (the "Sale Hearing") on October ~~5~~16, 2023, to consider the Sale Motion; the Trustee having conducted an all-day auction on October 13, 2023 ("Auction"); Court having reviewed the Motion and the record in the Debtors' Chapter 7 cases (collectively, the "Chapter 7 Case"); the Court having considered the statements of counsel to the Trustee and the Purchaser; and after due deliberation thereon and for good cause having been shown, the Court finds that the entry of this order (this

"Sale Order") and granting the relief set forth herein are in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. <u>Findings of Fact and Conclusion of Law</u>. The findings and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any findings of fact herein constitute conclusions of law, they are adopted as such. To the extent that any conclusions of law constitute findings of fact, they are adopted as such.

B. <u>Jurisdiction and Venue</u>. The Court has jurisdiction to decide the Sale Motion, the transaction contemplated in the Asset Purchase Agreement, and the property of the Debtors' estates, including, without limitation, the Purchased Assets (as defined in the Asset Purchase Agreement) to be sold, transferred, or conveyed pursuant to the Asset Purchase Agreement, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>Basis for Relief</u>. The statutory basis for the relief requested in the Sale Motion are (i) sections 105(a), 363, 365, and 503 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (ii) Bankruptcy Rules 2002(a)(2), 4001, 6004, 6006, 9007, 9008 and 9014, and (iii) Rules 2002-1 and 6004-1 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "<u>Local Rules</u>").

D. <u>Final Order</u>. This Sale Order constitutes a final and appealable order within the

meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d) and Local Rule 6004-1(b), the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and expressly directs entry of judgment as set forth herein.

E.      Adequate Notice of the Sale. As evidenced by the certificates of service filed with the Court, proper, timely, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be heard regarding: the Sale Motion, the Sale Hearing, and the transactions contemplated by that certain asset purchase agreement by and among the Trustee and TriplePoint Venture Credit Inc. or its assignee ("Purchaser") dated October —,16, 2023 (as subsequently supplemented, revised or amended, the "Asset Purchase Agreement"); notice of the sale of the Purchased Assets (the "Sale"), have been given to all Persons[1] entitled to notice, including, without limitation, the following: (i) all Persons who have requested notice in the Chapter 7 Case pursuant to Bankruptcy Rule 2002; (ii) all applicable federal, state, and local taxing and regulatory authorities; (iii) the Office of the United States Trustee; (iv) the Office of the United States Attorney for the District of Delaware; (v) the California Department of Alcoholic Beverage Control, and (vi) all applicable state attorneys general. The notice provided constitutes good and sufficient notice of, and a reasonable opportunity to object or be heard regarding, the Sale Motion, the Sale Hearing, and the entry of this Sale Order, under sections 102(1), 363(b), and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6006, and 9014, and the Local Rules. No other or further notice of, opportunity to object to, or other opportunity to be heard regarding the Sale Motion, the Sale Hearing, the Sale, or the entry of this Sale Order need be given to any Person.

F.      Adequate Notice of Contracts and Leases to Be Assigned and Assigned. As

---

[1] ——"Person" means an individual, a partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture, an unincorporated organization, or any other entity, including, without limitation, any Governmental Authority or any group of any of the foregoing.

evidenced by the affidavit of service filed with the Court, proper, timely, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be heard regarding, a notice of potential assumption and assignment of the executory contracts or unexpired leases that may be assumed and assigned (including those contracts with the federal government that may be the subject of novation, the "Assigned Contracts"), including the amount of cure costs related to each of the Assigned Contracts (the "Cure Notice") and a letter from the Purchaser providing adequate assurance of future performance (the "Adequate Assurance Letter") was served on _____, 2023, and the same constitutes good and sufficient notice of, and a reasonable opportunity to object or be heard regarding the Motion, and deadlines for the filing of objections to the proposed cure costs or adequate assurance of future performance pursuant to sections 102(1), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6006 and 9014, and the Local Rules. No other or further notice of regarding the assumption and assignment of the Assigned Contracts or the entry of this Sale Order need be given to any Person.

G.       Exercise of Business Judgment.  The Trustee has demonstrated a sufficient basis and compelling circumstances requiring the Trustee to sell the Purchased Assets under sections 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of its reasonable business judgment and in the best interests of the Debtors, their estates, and their creditors.

H.       Sale Process.  Since the Petition Date, the Trustee has solicited interest from a number of parties ("Potentially Interested Partners" or "PIPs") to acquire the Debtors' assets and provide a solution to the Debtors' estates inability to fulfill existing Customer orders. As demonstrated by (i) testimony and other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration at or prior to the Sale Hearing, the Trustee has (a) engaged in an extensive marketing of the Debtors' assets; (b) afforded interested potential purchasers a full,

fair, and reasonable opportunity to submit their highest or otherwise best offer to purchase the Purchased Assets; (c) provided potential purchasers, upon request, sufficient due diligence information to enable them to make an informed judgment on whether to submit an offer to the Trustee for the Purchased Assets.

I.        Title to Purchased Assets.  The Debtors are the sole and lawful owners of, and have clear and marketable title to, the Purchased Assets to be sold pursuant to the Asset Purchase Agreement, including, without limitation, all items of personal property and real property owned by the Debtors as identified in the Asset Purchase Agreement (collectively, the "Purchased Assets").  The Trustee has full power and authority to execute, deliver and perform under the Asset Purchase Agreement and to consummate all transactions contemplated thereby, without any further consent or approval required.  No other consents or approvals, other than as may be expressly provided for in the Asset Purchase Agreement, are required by the Trustee. In the event that any of the Purchased Assets include any prepetition or postpetition privileged documents or communications with the Trustee's counsel or any other party that constitute in whole or part attorney work-product, as reasonably determined by the Trustee, nothing herein shall transfer or otherwise convey any of the Trustee's right or interest in privilege to the Purchaser, and such right and privilege shall be considered an Excluded Asset under the Asset Purchase Agreement.

J.        Subject to the terms of the ~~fulfilment notice attached as an exhibit to the~~ Asset Purchase Agreement ~~(the "Fulfillment Notice")~~, including Section 7.1 thereof, the Purchaser has offered to purchase the Purchased Assets free and clear of all Liens[2] and Claims (defined below),

---

[2]        "Lien" means any mortgage, pledge, lien (statutory or otherwise), encumbrance, charge, security interest, option, right of first refusal, right of first offer, easement, interest, deed of trust, servitude, transfer restriction under any shareholder or similar agreement, security agreement or other encumbrance or restriction on the use or transfer of any property, hypothecation, license, preference, priority, covenant, right of recovery, order of any Governmental Authority, of any kind or nature (including, without limitation, (i) any conditional sale or other title retention

excluding any Assigned Liabilities as provided in the Asset Purchase Agreement, to the fullest extent authorized under section 363(f) of the Bankruptcy Code and other applicable law. If the sale of the Purchased Assets to the Purchaser were not free and clear of all Liens, Claims and Liabilities, or if the Purchaser would, or in the future could, be liable for any Liens, Claim or Liabilities, the Purchaser would not have entered into the Asset Purchase Agreement and would not consummate the Sale or the transactions contemplated by the Asset Purchase Agreement, thus adversely affecting the Debtors, their estates, and their creditors.

K.     <u>Business Judgment to Consummate Sale</u>. The Trustee's determination that the Sale to the Purchaser, pursuant to the Asset Purchase Agreement, provides the highest or otherwise best offer for the Purchased Assets, and its related decision to sell the Purchased Assets to the Purchaser, each constitutes a reasonable exercise of the Trustee's business judgment and each is in the best interests of the Debtors, their estates, and their creditors. The facts and circumstances stated in the Sale Motion demonstrate the exigent nature of the Debtors' business situation, and the Trustee has articulated sound business reasons for consummating the Asset Purchase Agreement through a private sale. It is a reasonable exercise of the Trustee's business judgment to execute, deliver, and consummate the Asset Purchase Agreement and consummate the transactions contemplated by the Asset Purchase Agreement, subject to this Sale Order.

L.     <u>Satisfaction of Section 363(f) Standards</u>. The Trustee may sell the Purchased Assets free and clear of all encumbrances, claims (including those that constitute a "claim" as defined in section 101(5) of the Bankruptcy Code), interests, and liens, including the Excluded

---

agreement and any lease having substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security device, and (iii) any leasehold interest, license, or other right, in favor of a third party or a Debtor, to use any portion of the Purchased Assets), whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown; <u>provided</u>, however, that "Lien" shall not be deemed to include any license of Intellectual Property.

Liabilities, rights, mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, collective bargaining agreements, possessory interests (including those under Bankruptcy Code section 365(h), other interests, leases, licenses, options, deeds of trust, security interests, condition sale or other title retention agreements, pledges, other liens (including, without limitation, mechanics', materialmen's and other consensual and nonconsensual liens and statutory liens), judgments, demands, rights of first refusal, offsets, set-offs, contracts, rights of recovery, claim for reimbursement, contribution, indemnity, exoneration, products liability, alter-ego, tax liabilities, and other interests of any kind or nature whatsoever against the Debtors or the Purchased Assets, including, without limitation, any debts, arising under or out of, in connection with, or in any way relating to, any acts or omissions, obligations, demands, guaranties, rights, contractual commitments, restrictions, product liability claims, environmental liabilities, employment or labor law claims or liabilities, employer pension or benefit plan claims for Taxes of or against the Debtors, and any derivative, vicarious, transferee or successor liability claims, rights or causes of action (whether in law or in equity, under any law, statute, rule or regulation of the United States, any state, territory or possession thereof, or the District of Columbia), whether arising prior to or subsequent to the Petition Date, whether known or unknown, contingent or matured, liquidated or unliquidated, and whether imposed by agreement, understanding, law, equity or otherwise, arising under or out of, in connection with, or in any way related to any of the Debtors' businesses before the effective time of Closing pursuant to the Asset Purchase Agreement (collectively, the "Claims"), because in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied.  Without limiting the generality of the foregoing, "Claims" shall include any and all rights to payments, liabilities, contingent or otherwise, or obligations whatsoever arising under or out of, in connection with, or in any way relating to, (i) any employee

benefit plan or pension plans contributed to or maintained by the Debtors, or multi-employer plan participated in by the Debtors prior to the or subsequent to the Petition Date, including, without limitation any employee benefit plan or any Claims related to unpaid contribution or current or potential partial or complete withdrawal of termination liability with respect to the foregoing, (ii) the Worker Adjustment and Retraining Notification Act of 1988 ("WARN"), or (iii) the Debtors' current or former employees.

M.    Free and Clear Sale.  Those holders of Liens who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented to entry of this Sale Order pursuant to section 363(f)(2) of the Bankruptcy Code.  Each holder of a Lien is adequately protected by having its Lien, if any, attach to the net cash proceeds of the Sale ultimately attributable to the property against or in which it asserts a Lien, with the same validity and priority, and to the same extent, as existed before the Sale, and subject to the terms of the instruments that created such Lien and to any Liabilities and defenses the Debtors and their estates may possess with respect thereto.  Not selling the Purchased Assets free and clear of all Liens would adversely impact the Debtors' estates, and any sale of the Purchased Assets other than one free and clear of all Liens would be of substantially less value to the Debtors' estates.  Therefore, approval of the Agreement and consummation of the Sale free and clear of Liens, Claims and Liabilities, other than the Purchaser's obligations as set forth in the Fulfillment Notice, is appropriate pursuant to section 363(f) of the Bankruptcy Code.

N.    Valid Contract.  The Asset Purchase Agreement is a valid and binding contract among the Trustee and the Purchaser, which shall be enforceable according to its terms.  From and after the Closing Date, the Asset Purchase Agreement, the Sale itself, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the

Trustee, the Debtors and their estates shall not be subject to rejection or avoidance by the foregoing Persons or any other Person. Except as specifically provided in the Asset Purchase Agreement (including the Fulfillment Notice), or this Sale Order, upon the Closing, the transfer of the Purchased Assets to the Purchaser is a legal, valid, and effective transfer of the Purchased Assets and will vest the Purchaser on the Closing Date with all right, title, and interest of the Debtors in and to the Purchased Assets except those explicitly and expressly excluded by the Purchaser in the Asset Purchase Agreement or this Sale Order, free and clear of any and all Liens, Claims and Liabilities. The Purchaser shall not assume or become liable for any Liens, Claims or Liabilities relating to the Purchased Assets.

O.      <u>No Continuation or Insider Status</u>. The sale and transfer of the Purchased Assets to the Purchaser or the Purchaser's occupation and use of the Purchased Assets will not subject the Purchaser to any liability (including successor liability) with respect to the operation of any of the Debtors' business prior to Closing or by reason of such transfer. The Purchaser is not holding itself out to the public as a continuation of the Debtors, and no common identity of directors, stockholders, members, or other equity holders exists between the Purchaser and the Debtors. The Purchaser is not a successor to any of the Debtors or their estates by reason of any theory of law or equity. The transactions contemplated by the Asset Purchase Agreement do not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtors and/or the Debtors' estates; there is no substantial continuity, common identity or continuation of enterprise between the Debtors and the Purchaser. The Purchaser is not a mere continuation of the Debtors or their estates, and the Purchaser does not constitute an alter ego or a successor in interest to the Debtors or their estates. The principal of the Purchaser is a former officer and director of the Debtors.

P.      <u>Good Faith</u>. The Asset Purchase Agreement and the transactions contemplated

thereunder were negotiated and entered into in good faith within the meaning of section 363(m) of the Bankruptcy Code, based on arm's-length bargaining, and without collusion or fraud of any kind.  Neither the Trustee, the Purchaser, nor the PurchaserPurchaser's agent, Last Call Capital ("Agent") have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate section 363(n) of the Bankruptcy Code to the Asset Purchase Agreement or to the consummation of the Sale and transfer of the Purchased Assets and the Assigned Contracts to the Purchaser. Neither Purchaser has notnor Agent have violated section 363(n) of the Bankruptcy Code by any action or inaction.  The Trustee is free to deal with any other Person interested in buying or selling on behalf of the Debtors' estates some or all of the Purchased Assets. Accordingly, the Purchaser is a Purchaserand the Agent, individually and collectively are purchasers in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and, therefore, the Purchaser isand Agent are entitled to all the protections of sections 363(m) and 363(n) of the Bankruptcy Code with respect to the Purchased Assets.

Q.     Corporate Authority.   The Trustee, acting by and through his agents and representatives, has full corporate power and authority to execute and deliver the Asset Purchase Agreement and all other documents contemplated thereby, and no further consents or approvals are required for the consummation of the transactions and any related actions contemplated by the Asset Purchase Agreement, except as otherwise set forth in the Asset Purchase Agreement.

R.     Assumption and Assignment of Contracts.  The Trustee and the Purchaser have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including, without limitation, sections 365(b)(1)(A), 365(b)(1)(B), and 365(f) of the Bankruptcy Code, in connection with the Sale and the assumption and assignment of the Assigned Contracts.  The

Purchaser has demonstrated adequate assurance of future performance with respect to all Assigned Contracts pursuant to section 365(b)(1)(C) of the Bankruptcy Code.   The assumption and assignment of the Assigned Contracts and the obligations under the Fulfilment Notice are integral to the Asset Purchase Agreement and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, and represents the exercise of sound and prudent business judgment by the Trustee.

S.      Cure Notice and Adequate Assurance of Future Performance.  As evidenced by the certificates of service filed with the Court, the Trustee served the ~~Cure Notice and Adequate Assurance Letter~~Sale Motion upon each non-Debtor counterparty to the Assigned Contracts.  The service of the ~~Cure Notice and Adequate Assurance Letter~~Sale Motion was good, sufficient, and appropriate under the circumstances and no further notice need be given with respect to the Cure Costs for the assumption and assignment ~~(or novation, in the case of a Assigned Contract to which the federal government is a party),~~ of the Assigned Contracts.

T.      ~~Cure Payments and Adequate Assurance.   If an objection to the Cure Cost or adequate assurance (a "Contract Objection") is timely asserted and the Purchaser and the objecting party are unable to consensually resolve the dispute, the amount to be paid under section 365 of the Bankruptcy Code, if any, with respect to such objection will be determined at a hearing (the "Supplemental Hearing") to be requested by the Trustee, the Purchaser, or the applicable Contract Counterparty. If no Contract Objection~~Cure Payments and Adequate Assurance.    If no objection for a Assigned Contract is timely asserted by the non-Debtor counterparty, then: (a) the Contract Counterparty will be deemed to have consented to the assumption and assignment of the Assigned Contract; (b) the Contract Counterparty will be forever barred and estopped from asserting any objection to the propriety or effectiveness of the assumption and assignment of the Assigned

Contract against the Debtors, the Purchaser, or the property of any of them; (c) the Cure Cost set forth on ~~the Cure Notice~~Schedule 1.1(8) to the Asset Purchase Agreement for such Assigned Contract shall be controlling and the Contract Counterparty will be deemed to have consented thereto, notwithstanding anything to the contrary in the Assigned Contract or otherwise; and (d) the Contract Counterparty will be forever barred and estopped from objecting to the Cure Cost or asserting any claims, other than the Cure Costs, against the Debtors, the Purchaser, or the property of any of them.

U.    Actions in the Absence of Stay Pending Appeal.  In the absence of a stay pending appeal, the Purchaser ~~is~~and Agent are acting in good faith, pursuant to section 363(m) of the Bankruptcy Code, in closing the transactions contemplated by the Asset Purchase Agreement at any time on or after the entry of this Sale Order, and cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

V.    Consideration.  The Asset Purchase Agreement was not entered into, and neither the Trustee, the Purchaser, nor the ~~Purchaser~~Agent have entered into the Asset Purchase Agreement or proposed to consummate the transactions contemplated thereby, for the purpose of hindering, delaying, or defrauding the Debtors' present or future creditors.  The total consideration provided by the Purchaser for the Purchased Assets – including the obligations set forth in the Fulfilment Notice - is the highest or otherwise best offer received by the Trustee, and the Purchase Price constitutes (i) reasonably equivalent value under the Bankruptcy Code, the Uniform Voidable Transactions Act, and the Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Purchased Assets.

W.      <u>Time Is of the Essence</u>.  Time is of the essence in consummating the Sale. To maximize the value of the Purchased Assets, it is essential that the Sale of the Purchased Assets occur within the time constraints set forth in the Asset Purchase Agreement.  Accordingly, there is cause to determine inapplicable the stays contemplated by Bankruptcy Rules 6004 and 6006.

X.      <u>No Obligation Regarding Excluded Liabilities</u>.  ~~The~~Neither the Purchaser ~~has not~~nor the Agent have agreed to assume, and shall have no obligation with respect to, any Claims, other than as expressly set forth in the Asset Purchase Agreement.  Other than the Assumed Liabilities, and except as expressly provided for by the terms of the Asset Purchase Agreement, the Agent and the Purchaser (i) shall have no obligations with respect to any Excluded Liabilities, (ii) shall acquire all of the Purchased Assets free and clear of the Claims, ~~other than the Purchaser's obligations as set forth in the Fulfillment Notice,~~ and (iii) ~~is~~are released by the Debtor and all other Persons with respect to such Excluded Liabilities.

Y.      <u>Personally Identifiable Information</u>.  The Trustee, in connection with offering products or services, did not disclose any policy prohibiting the transfer or personally identifiable information with respect to the Purchased Assets, and, therefore, the Sale of the Purchased Assets may be approved by section 363(b)(1)(A) of the Bankruptcy Code without the appointment of a consumer privacy ombudsman, as defined in section 363(b)(1) of the Bankruptcy Code.

Z.      <u>Service By Electronic Mail</u>.  The Debtors had approximately 24,000 Customers, and the Debtors and the Customers regularly conducted business through e-mail and other online means and, therefore, the Customers, and pursuant to the Terms & Conditions that all Customers were required to agree to in order to purchase wine from the Debtors, each Customer agreed:  "You agree that Underground Cellar may provide you with notices, including those regarding changes to the Terms, by email, regular mail, or postings on the Services."  Accordingly, the Customers

each had a reasonable expectation of communication via e-mail from the Debtors, and the Trustee's proposed notice of the sale via electronic mail is both reasonable and adequate notice under the circumstances.

AA.    <u>No Claims by the Debtors</u>.  Except as set forth herein and under the Asset Purchase Agreement, the Trustee agrees and acknowledges that the Estates have no Liabilities that could be asserted against the Agent or the Purchaser.

BB.    <u>Local Rule</u>.  The Sale Motion complies with all aspects of Local Rule 6004-1.

CC.    <u>Compliance with Bankruptcy Code</u>.  The consummation of the transactions contemplated under the Asset Purchase Agreement is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 363(n), 365(b), and 365(f), and all of the applicable requirements of such sections have been complied with in respect of such transactions.

DD.    <u>Waiver of Bankruptcy Rules 6004(h) and 6006(d).</u>  The Asset Purchase Agreement must be approved and consummated promptly in order to preserve the value of the Purchased Assets.  Therefore, time is of the essence in consummating the transaction, and the Trustee and the Purchaser intend to close the transaction as soon as reasonable practicable, and in no event later than October 30, 2023.  The Trustee has demonstrated compelling circumstances and good, sufficient and sound business purposes and justifications for the immediate approval and consummation of the transaction contemplated by the Asset Purchase Agreement.  Accordingly, there is cause to lift the stay contemplated by Bankruptcy rules 6004(h) and 6006(d) with respect to the transactions contemplated by the Sale Order.

**IT IS HEREBY ORDERED THAT:**

1.      The Sale Motion, as modified in accordance with the results of the Auction and the final Asset Purchase Agreement, is GRANTED to the extent set forth herein.

2.      Objections.  Except to the Contract Objections, if any, being continued until the Additional Assumption Hearing or as provided to the contrary herein, all objections to the Sale Motion or the relief provided herein, if any, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied on the merits with prejudice.

3.      Notice.  Notice of the Sale Hearing, including notice of Customers by electronic mail, was fair, equitable, proper, and sufficient under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and the Local Rules

4.      Transfer of Purchased Assets.  The Trustee, in transferring the Purchased Assets pursuant to this Sale Order and section 363 of the Bankruptcy Code, is deemed to have authority to and will transfer the ~~property~~Purchased Assets ) pursuant to this Sale Order.

5.      Consideration.  The consideration provided by the Purchaser pursuant to the Asset Purchase Agreement, ~~including the obligations under the Fulfillment Notice~~ (i) is fair and adequate, (ii) constitutes reasonably equivalent value, fair consideration, and fair value under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia (including the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and similar laws), and (ii) will provide an equal or greater recovery for the Debtors' creditors, including the Customers, than would be provided by any other reasonably practicable available alternative.

6.      Approval of the Asset Purchase Agreement.  The Asset Purchase Agreement, all transactions contemplated therein and all of the terms and conditions thereof are hereby approved.

The failure specifically to include any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impact the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement be authorized and approved in its entirety.

7.     <u>Authorization</u>. The Trustee and his authorized signatories, agents, representatives, and attorneys are hereby authorized to fully perform under, consummate, and implement the terms of the Asset Purchase Agreement, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Asset Purchase Agreement, this Sale Order, and the Sale of the Purchased Assets contemplated thereby including, without limitation, assignments, and other instruments of transfer, and to take all further actions as may be necessary for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession any or all of the Purchased Assets or Assumed Liabilities, as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the Asset Purchase Agreement, forthwith and without any further corporate action or orders of the Court.  Neither the Agent, the Purchaser nor the Trustee shall have any obligation to proceed with the closing of the Asset Purchase Agreement unless and until all conditions precedent to the Purchaser's and the Trustee's respective obligations thereunder have been met, satisfied, or waived by the Purchaser or the Trustee, as the case may be.  All persons are prohibited from taking any action to adversely affect or interfere with the Trustee's ability to transfer the Purchased Assets to the Purchaser in accordance with the Asset Purchase Agreement and this Order.

8.     <u>Authorization to Execute Related Documents for Asset Purchase Agreement</u>.  The Trustee, the Agent, the Purchaser and each other Person having duties or responsibilities under the Asset Purchase Agreement, any agreements related thereto, or this Sale Order, and their respective

directors, officers, employees, authorized signatories, members, agents, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Asset Purchase Agreement: to carry out all of the provisions of the Asset Purchase Agreement; to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Asset Purchase Agreement; to take any and all actions contemplated by the Asset Purchase Agreement, any related agreements, or this Sale Order; and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with and necessary or appropriate to implement, effectuate, and consummate the Asset Purchase Agreement, any related agreements, this Sale Order, and the transactions contemplated thereby and hereby, forthwith and all without further application to or order of the Court.  In the event of ~~conversion or~~ dismissal following the Closing, the Purchaser is granted power of attorney for the limited purpose of executing any document necessary or appropriate to implement, effectuate, and consummate the Asset Purchase Agreement, any related agreements, this Sale Order, and the transactions contemplated thereby.

9.    <u>Authorization to Pay Expenses and Costs</u>.  The Trustee is hereby authorized to pay, without further order of this Court, whether before, at, or after the Closing, any expenses or costs that are required to be paid to consummate the Sale or perform its obligations under the Asset Purchase Agreement.

10.    <u>Authorization for Governmental Filings</u>.    The authorized signatories, agents, representatives, and attorneys of the Trustee shall be, and hereby are, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make

any such action valid, binding, or enforceable).  The Trustee, the Agent and the Purchaser are further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Asset Purchase Agreement, any related agreements, or this Sale Order, including, without limitation, amended and restated certificates or articles of incorporation and bylaws, or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as the Trustee and the Purchaser may determine are necessary or appropriate.  The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such Persons to so act.

11. <u>Authorization of Purchaser for Licenses</u>.  The Purchaser and the Agent shall be authorized, as of the Closing Date, to: (a) operate any property or any other business transacted with respect to the Purchased Assets under all licenses, permits, registrations, and governmental authorizations and approvals; and (b) facilitate the fulfillment of Customer orders until such time that the Purchaser is able to obtain replacement licenses and permits.

12. <u>Cooperation Regarding Licenses</u>.  The Trustee shall: (a) reasonably cooperate in updating government records to reflect any unreported stock transfers or change in directors or officers of the Debtor; (b) execute and deliver such documentation and certificates as are necessary or required to permit Purchaser and/or the Agent to operate as a third party service provider for the fulfillment of Customer orders, to the extent required under Section 7.1 of the Asset Purchase Agreement, and to surrender and/or  cancel the licenses and permits, to the extent necessary to allow Purchaser and/or the Agent to obtain its/their own licenses and permits; and (c) not engage

in any acts that would interfere with the Purchaser's acquisition of new licenses or permits. The Trustee shall maintain all liquor-related licenses and permits of the Debtors for a period not to exceed 1 year following entry of this Order, and at the Purchaser's expense the Trustee shall undertake all actions necessary, including executing the documents to surrender and/or cancel any and all required liquor-related licenses and permits to the Purchaser or required for Purchaser to obtain new or replacement license and permits under the California Department of Alcoholic Beverage Control.

13.    Transfer of Purchased Assets.  All of the Debtors' interests in the Purchased Assets to be purchased by the Purchaser under the Asset Purchase Agreement shall be, as of the Closing Date, transferred to and vested in the Purchaser.  Upon the occurrence of the Closing Date, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Purchased Assets ~~Purchased~~purchased by the Purchaser under the Asset Purchase Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Purchased Assets to the Purchaser.  In the event and to the extent that any of the Purchased Assets include any prepetition or postpetition communications with the Trustee's counsel or include documents or communications that constitute in whole or part attorney work-product, as reasonably determined by the Trustee, nothing herein shall transfer or otherwise convey any of the Debtors' right or interest in privilege to the Purchaser, and such right and privilege shall be considered an Excluded Asset under the Asset Purchase Agreement.  ~~Notwithstanding the foregoing, the transfer of the Purchased Assets is subject to the Purchaser's obligations under the Fulfillment Notice.~~

14.    Authority to Transfer Alcoholic Beverages.  The terms of ~~the Fulfillment Notice~~Section 7.1 of the Asset Purchase Agreement are ~~a~~material ~~term~~terms of the Agreement,

including returningdelivering products to Customers subject to their payment of the Customer Payment as provided therein, and the Purchaser, the Agent and/or the Trustee are expressly authorized to facilitate the returndelivery of products (e.g., wine, etc.) to Customers as a third-party service provider during the pendency of Purchaser's applications for all necessary licenses and permits pursuant to and subject to the terms of Section 7.1 of the Asset Purchase Agreement.

15.    <u>No Liability of Purchaser</u>.  Except as otherwise provided for herein and in the Asset Purchase Agreement, the transfer of the Purchased Assets and the assumption and assignment of the Assigned Contracts does not and will not subject the Agent, the Purchaser and/or itstheir affiliates, designees, assignees, successors, directors, officers, employees, equity holders, authorized signatories, members, agents, representatives, attorneys (each a "<u>Protected Party</u>," and all such Persons collectively and together with the Purchaser, the "<u>Protected Parties</u>") or any of their respective property or assets to any Claim by reason of such transfers and assignments under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of successor or transferee liability.

16.    <u>No Assumption of Liabilities</u>.    Except as provided in or pursuant to the Asset Purchase Agreement, neither the BuyerAgent nor the Purchaser is not assuming, and isshall not be deemed to assume, and the BuyerAgent and the Purchaser shall not be, nor shall any affiliate or director of the Buyerthereof be, in any way liable or responsible for, as a successor or otherwise, any Liens, Claims or Liabilities of the Debtors in any way whatsoever relating to or arising from the Debtors' ownership, possession, control, sale, or use of the Purchased Assets prior to the consummation of the transactions contemplated by the Asset Purchase Agreement, or any liabilities calculable by reference to the Debtors or their operations, or to any or all of the Purchased

Assets, or relating to continuing, or other conditions or obligations existing on or prior to consummation of the transactions contemplated by the Asset Purchase Agreement, which Liens, Claims and Liabilities are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Buyer or any of its affiliates or directors. Notwithstanding the foregoing, the transfer of the Purchased Assets is subject to the ~~Buyer's~~ obligations of the Agent and Purchaser under the ~~Fulfillment Notice~~Asset Purchase Agreement.

17.   <u>No Successor Liability</u>.  To the fullest extent permitted by applicable law, neither the Purchaser, the Agent, nor ~~its~~their affiliates, directors, successors, or assigns shall, as a result of the consummation of the transactions set forth in the Asset Purchase Agreement: (a) be an alter ego, mere continuation, or a successor in interest to the Debtors or the Debtors' estates; (b) have, *de facto* or otherwise, merged or consolidated with or into the Debtors or the Debtors' estates; (c) be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors; or (d) be a joint employer or co-employer with, or successor employer, of the Debtors.  The Agent and the Purchaser shall not assume, nor be deemed to assume or in any way be responsible for, any Claim of the Debtors or their estates.  Except as specifically provided by the Asset Purchase Agreement, the Agent and the Purchaser shall not assume, be deemed to assume, or in any way be responsible for any Liens, Claims or Liabilities of the Debtors and/or their respective estates, including, without limitation, pursuant to any successor liability or other theory of liability or responsibility for any Claim against the Trustee, the Debtors, against an insider of the Debtors, against the Purchased Assets, the Debtors' assets, or similar liability.

18.   <u>Transfer of Purchased Assets Free and Clear of Liens, Claims and Liabilities</u>. Subject to the Purchaser's obligations under Section 7.1 of the ~~Fulfillment Notice~~Asset Purchase Agreement, pursuant to sections 105, 363(b), and 363(f) of the Bankruptcy Code, the Trustee is

authorized to transfer the Purchased Assets in accordance with the terms of the Asset Purchase Agreement and the Purchased Assets shall be transferred to the Purchaser and, upon Closing, such transfer shall (i) be valid, legal, binding and effective, (ii) vest the Purchaser with all right, title and interest of any of the Debtors in the Purchased Assets, and (iii) upon payment of the Purchase Price, be free and clear of any Claims in accordance with Bankruptcy Code section 363(f).  Any such Claims shall attach to the proceeds of the Sale of the Purchased Assets with the same priority, validity, force, and effect (if any) as existed with respect to the Purchased Assets as of the Petition Date.

19.      <u>Liability Regarding Employees Prior to Closing</u>.  The Agent and the Purchaser shall not be deemed to be a joint employer, single employer, co-employer, or successor employer with the Debtors for any purpose or under the laws of the United States, any state, territory, or possession thereof, and the neither the Agent nor the Purchaser shall not have any obligation to pay any past wages, benefits, or severance pay or extend or make any benefits or benefit programs, including, without limitation, the Consolidated Omnibus Budget Reconciliation Act of 1985 or any similar laws or regulations, to any of the Debtors' employees or former employees, including, without limitation, any such employees who may become employees of the Purchaser.

20.      <u>Release of Liens</u>.  All Persons (a) holding Claims on the Purchased Assets, (b) that have filed financing statements, mortgages, or other documents or instruments evidencing Liens against the Purchased Assets, or (c) otherwise asserting Claims against the Purchased Assets shall, and hereby are directed to, execute and deliver to the Purchaser such releases or termination statements to effectuate the Sale of the Purchased Assets to the Purchaser free and clear of any and all Claims, and all Persons hereby are forever barred, estopped, and permanently enjoined from asserting such Persons' Claims against the Purchaser, the Agent or its their affiliates. Upon

consummation of the transactions set forth in the Asset Purchase Agreement, if any Person that has filed financing statements, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Claims or Liens against or in the Purchased Assets, has not delivered to the Trustee prior to closing under the Asset Purchase Agreement, in proper form for filing and executed by the appropriate Persons, termination statements, instruments of satisfactions, releases of all Liens that such Person has with respect to the Purchased Assets (unless otherwise assumed in the Asset Purchase Agreement), or otherwise, then: (a) the Trustee is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the Person with respect to the Purchased Assets; and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens in the Purchased Assets of any kind or nature.  For the avoidance of doubt, to the extent necessary, upon consummation of the transactions set forth in the Asset Purchase Agreement, the Purchaser is authorized to file termination statements, lien terminations, or other amendments in any required jurisdiction to remove and record, notice filings, or financing statements recorded to attach, perfect, or otherwise notice any Lien that is extinguished or otherwise released pursuant to this Sale Order under section 363 of the Bankruptcy Code. ~~Notwithstanding the foregoing, the Purchaser shall be obligated by the terms forth in the Fulfillment Notice.~~.

21.   <u>Claims After Closing Date</u>.  Effective on the Closing Date, and subject to the ~~Purchaser's obligations under~~<u>terms of</u> the ~~Fulfilment Notice~~<u>Asset Purchase Agreement</u>, all Persons asserting Liens, Claims and/or contract rights against the Debtors and/or any of the Purchased Assets are hereby permanently enjoined and precluded from, with respect to such Liens, <u>Claims,</u> Liabilities, and/or contract rights: (a) asserting, commencing, or continuing in any manner

any action against the Protected Parties, or against any Protected Party's assets or properties, including, without limitation, against the Purchased Assets; (b) the enforcement, attachment, collection, or recovery, by any manner or means, of any judgment, award, decree, or order against the Protected Parties or any properties or Purchased Assets of the Protected Parties; (c) creating, perfecting, or enforcing any encumbrance of any kind against the Protected Parties or any properties or Purchased Assets of the Protected Parties, including, without limitation, the Purchased Assets; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Protected Parties; and (e) taking any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Sale Order or the Asset Purchase Agreement.

22.    <u>Interference with Purchased Assets</u>.  All Persons are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors or the Trustee to sell and transfer the Purchased Assets to the Purchaser in accordance with the terms of the Asset Purchase Agreement or this Sale Order.

23.    <u>Self-Executing Order</u>.  The provisions of this Sale Order authorizing the Sale of the Purchased Assets free and clear of Liens, Claims and Liabilities shall be self-executing, notwithstanding any requirement for approval or consent by any Person, and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the foregoing provisions of this Sale Order; <u>provided</u>, <u>however</u>, that this paragraph shall not excuse such Persons from performing any and all of their respective obligations under this Sale Order or the Asset Purchase Agreement, and the Debtors, the Agent and the Purchaser, and each of their respective directors, officers, employees, authorized signatories, members, agents, representatives, and attorneys are

hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the Asset Purchase Agreement and this Sale Order.

24.     Highest and Best Offer.  The Sale of the Purchased Assets, the terms and conditions of the Asset Purchase Agreement, the offer by the Purchaser, and the transactions contemplated thereby and all of the terms and conditions thereof, are the highest and best offer received by the Trustee for the Purchased Assets and hereby are authorized and approved in all respects.

25.     Approval of Asset Purchase Agreement and Other Contracts.  The Asset Purchase Agreement, substantially in the form attached hereto as Exhibit 1, is hereby approved pursuant to section 363(b) of the Bankruptcy Code, and the Trustee is authorized to consummate and perform all of his obligations under the Asset Purchase Agreement and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Asset Purchase Agreement.  The Asset Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented in accordance with the terms thereof without further order of the Court.

26.     Authorization Pursuant to Bankruptcy Code.  Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Sale of the Purchased Assets to the Purchaser under the Asset Purchase Agreement and the transactions related thereto, upon the Closing, are authorized and approved in all respects, and the Trustee shall be, and hereby is, authorized and empowered to sell such Purchased Assets to the Purchaser in accordance with the Asset Purchase Agreement and this Sale Order.

27.     Order Binds Successors.  The terms of this Sale Order shall be binding on in all respects upon: (a) the Purchaser, the Agent and itstheir successors and assigns; (b) any  successor

of the Debtors; (c) all known and unknown creditors of, and holders of equity interests in, the Debtors, including, without limitation, any holders of Liens, Claims and Liabilities, and all Customers of the Debtors; (d) all non-Debtor counterparties to the Assigned Contracts; (e) state licensing authorities; and (f) all other parties in interest in the Chapter 7 Case and their successors and assigns (collectively, the "Bound Parties").  This Sale Order shall survive any dismissal of the Chapter 7 Case.  The provisions of this Sale Order and the terms and provisions of the Asset Purchase Agreement, and any actions taken pursuant hereto or thereto as of the date of entry of such order shall survive the entry of any order that may be entered dismissing the Chapter 7 Case, and the terms and provisions of the Asset Purchase Agreement, as well as the rights and interests granted pursuant to this Sale Order and the Asset Purchase Agreement shall continue in this or any superseding case and shall be binding upon the Bound Parties.

28.    Order Binds Government Authorities. This Sale Order shall be binding upon and govern all acts of all Persons, governmental units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code), and all holders of Liens, Claims and Liabilities, including, without limitation, federal, state, and governmental agencies and departments, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report, insure any title or state of title in or to any lease, and each of the foregoing Persons, is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

29.    <u>Good Faith Purchaser</u>.    The Purchaser ~~is~~and the Agent, individually and collectively, are a good faith purchaser and ~~is~~are hereby granted and ~~is~~are entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code to a good faith ~~Purchaser~~purchaser, including, without limitation, with respect to the transfer of the Assigned Contracts as part of the Sale of the Purchased Assets pursuant to section 365 of the Bankruptcy Code and this Sale Order.

30.    <u>Validity and Enforceability</u>.  Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Sale Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any transfer under the Asset Purchase Agreement or obligation or right granted pursuant to the terms of this Sale Order (unless stayed pending appeal), and, notwithstanding any reversal, modification, or vacatur, the validity and enforceability of any transfer under the Asset Purchase Agreement or obligation or right granted pursuant to the terms of this Sale Order shall be governed in all respects by the original provisions of this Sale Order and the Asset Purchase Agreement, as applicable.

31.    <u>Transfer of Title</u>.  With respect to the transactions consummated pursuant to this Sale Order, this Sale Order shall be the sole and sufficient evidence of the transfer of title to the Purchaser, and the sale transaction consummated pursuant to this Sale Order shall be binding upon and shall govern the acts of all Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Sale Order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative

agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such Persons is hereby directed to accept this Sale Order as sole and sufficient evidence of such transfer of title and shall rely upon this Sale Order in consummating the transactions contemplated hereby.

32.     <u>Purchaser's Use and Enjoyment</u>.  All Persons, presently, or on or after the Closing Date, in possession of some or all ~~of~~ the Purchased Assets are directed to surrender possession of the Purchased Assets directly to the Purchaser or its designees on the Closing Date or at such time thereafter as the Purchaser may request.  Following the Closing under the Asset Purchase Agreement, no holder of any Liens against the Purchased Assets shall have any basis to interfere with the Purchaser's use and enjoyment of the Purchased Assets based on or related to such Liens, **Formatte** or any actions that the Trustee may take in the Chapter 7 Case, and no Person may take any action to prevent, interfere with, or otherwise impair consummation of the transactions contemplated in or by the Asset Purchase Agreement or this Sale Order.

33.     <u>Enforcement of Sale Order</u>.  Pursuant to section 105 of the Bankruptcy Code, creditors of ~~either~~<u>both</u> of the Debtors are prohibited from taking any actions against the Purchaser or the Purchased Assets; <u>provided</u>, <u>however</u>, that nothing in this paragraph shall prevent any Person from seeking to enforce against the Purchaser any applicable rights or obligations under the Asset Purchase Agreement ~~including the Fulfillment Notice~~.

~~34.     Enforcement of Fulfillment Notice.  Notwithstanding the terms of any agreement between the Debtors and any of the Customers, the terms of the Fulfillment Notice shall be binding on the Purchaser and each of the Customers.~~

~~35.~~<u>34</u>.  <u>Release</u>.  Subject to and upon the Closing Date, the Trustee hereby waives any and all claims held by the Estates related to, and hereby release, the Purchaser<u>, the Agent</u> and the

property of Purchaser and the Agent (including, without limitation, the Purchased Assets), and, as applicable, its shareholders, controlling persons, directors, agents, officers, subsidiaries, affiliates, successors, assigns, managers, principals, officers, employees, investors, funds, advisors, attorneys, professionals, representatives, accountants, investment bankers, and consultants, each in their respective capacity as such, from, any and all claims of any kind held by the Estates, whether known or unknown, now existing or hereafter arising, asserted or unasserted, mature or inchoate, contingent or non-contingent, liquidated or unliquidated, material or non-material, disputed or undisputed, and whether imposed by agreement, understanding, law, equity, or otherwise, except to the extent assumed or established under the Asset Purchase Agreement or this Sale Order.

36.35.  Missing Provisions / No Impact on Enforceability.  The failure to include specifically any particular provisions of the Asset Purchase Agreement or any of the documents, agreements, or instruments executed in connection therewith in this Sale Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court, the Debtors, the Agent and the Purchaser, that the Asset Purchase Agreement and each provision, document, agreement, and instrument be authorized and approved in its entirety with such amendments thereto as may be made in conformity with this Sale Order prior to the Closing Date.

37.36.  Authorization for Assumption and Assignment of Assigned Contracts.  Subject to the terms of the Asset Purchase Agreement and the occurrence of the Closing Date thereunder, and expressly subject to the rightresolution of any objection filed by a Contract Counterparty to object to the cure amount or adequate assurance of future performance under section 365 of the Bankruptcy Code, the Trustee is hereby authorized to assume each of the Assigned Contracts and

assign such Contracts and Leases to the Purchaser.  The Trustee is hereby authorized to take all actions necessary to cause all Assigned Contracts to be assumed by the Trustee and assigned to the Purchaser in accordance with section 365 of the Bankruptcy Code.

38.37.  Consent to Assumption and Assignment.  Unless a Contract CounterpartiesCounterparty timely files an objection to the cure amount ofor adequate assurance of future performance, each Counterparty to an Assigned  Contract shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, section 365(e)(2)(A)(ii) of the Bankruptcy Code, and otherwise, and the Purchaser shall enjoy all of the rights and benefits under each such Assigned Contract as of the applicable effective date of assumption and assignment without the necessity of obtaining such Person's written consent to the assumption or assignment of such Assigned Contract.

39.38.  No Assumption and Assignment if Transaction Does Not Close.  In the event that the Closing does not occur, none of the Contracts or the Leases shall be assumed or rejected by virtue of this Sale Order, and all of the Contracts and Leases shall remain subject to further administration in the Chapter 7 Case.

40.    [Reserved.]

(a)    Turnover of Records. The Trustee shall turnover to Purchaser all records of customer orders in Trustee's possession no later than the one week after the Closing Date.

41.    Cure Costs.  All defaults or other obligations under the Assigned Contracts arising prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by payment of the Cure Costs, and the Contract Counterparties to the Assigned Contracts to be assumed and assigned to the Purchaser shall be forever barred and estopped from asserting or

claiming against the Trustee, the Debtors the Agent or the Purchaser that any amounts are due or other defaults exist under such contracts.

42.    <u>After Payment of Cure Costs</u>.    Payment of the Cure Costs to the Contract Counterparties in the amount set forth on the Cure NoticeSchedule 1.1(8) to the Asset Purchase Agreement shall be deemed to discharge all of the Debtors' obligations to:  (a) cure, or provide adequate assurance that the Debtors will promptly cure, any defaults under the Assigned Contracts; and (b) compensate, or provide adequate assurance that the Debtors will promptly compensate, any non-Debtor counterparties to the Assigned Contracts for any actual pecuniary loss resulting from any default under the Assigned Contracts.

43.    <u>Previously Omitted Contracts</u>.  If it is discovered that a Contract or Lease should have been listed on the Contract Schedule but was not listed on the Contract Schedule (any such Contract or Lease, a "<u>Previously Omitted Contract</u>"), the Trustee shall, immediately following the discovery thereof (but in no event later than two (2) Business Days following the discovery thereof), (a) notify the Purchaser of such Previously Omitted Contract and all Cure Costs (if any) for such Previously Omitted Contract and (b) at the Purchaser's expense file a motion with the Bankruptcy Court on notice to the non-Debtor counterparties to such Previously Omitted Contract seeking entry of an order (the "<u>Omitted Contract Motion</u>") requesting that the Bankruptcy Court fix the Cure Costs and authorize the assumption and assignment or rejection of such Previously Omitted Contract.

44.    <u>[Reserved.]</u>

45.    <u>Rights of Purchaser Pursuant to Assigned Contracts</u>.  Upon the effective date of the assumption and assignment of each Assigned Contract to be assumed and assigned to the Purchaser, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall

be fully and irrevocably vested with all rights, title, and interest in and to each such Assigned Contract. The Trustee is authorized to take all actions reasonably necessary to effectuate the foregoing. In accordance with section 365(b)(2) and 365(f) of the Bankruptcy Code, upon assignment of the Assigned Contracts to the Purchaser, (a) the Purchaser shall have all of the rights of the Debtors thereunder and each provision of such Assigned Contracts shall remain in full force and effect for the benefit of the Purchaser notwithstanding any provision in any such Assigned Contract or in applicable law that prohibits, restricts, or limits in any way such assignment or transfer, and (b) no Assigned Contract may be terminated, or the rights of any Person modified in any respect, including, without limitation, pursuant to any "change of control" clause, by any other Person thereto as a result of the consummation of the transactions contemplated by the Asset Purchase Agreement.

46. <u>Prohibitions Under Assigned Contracts Unenforceable</u>. Non-Debtor counterparties to the Assigned Contracts shall be prohibited from charging any rent acceleration, assignment fees, increases, or other fees to the Purchasers as a result of the assumption and assignment of any Assigned Contract.

47. <u>No Waiver</u>. The failure of the Trustee or the Purchaser to enforce, at any time, one of more terms or conditions of any Assigned Contract shall not be a waiver of such terms and conditions or of the Debtors' or the Purchaser's rights to enforce every term and condition of the Assigned Contracts.

48. <u>Liabilities Under Assigned Contracts</u>. Pursuant to section 365(k) of the Bankruptcy Code, the Trustee and the Debtors shall have no Liabilities arising or relating to or accruing post-Closing under any of the Assigned Contracts.

49.     <u>Suspension or Revocation of Permits and Licenses</u>.  To the maximum extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of the Chapter 7 Case or the consummation of the Sale. .

50.     <u>Avoidance of Sale</u>.  The Sale of the Purchased Assets is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code or other applicable law or statute.

51.     <u>Bulk Sale Laws</u>.  No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the Sale and the transactions contemplated by the Asset Purchase Agreement.

52.     <u>Inconsistencies</u>.  To the extent there are any inconsistencies between the terms of this Sale Order, the Asset Purchase Agreement, and any prior order or pleading with respect to the Sale Motion in the Chapter 7 Case, the terms of this Sale Order shall govern.

53.     <u>Non-Severability</u>. The provisions of this Sale Order are non-severable and mutually dependent without the express written consent of the Purchaser.

54.     <u>Provisions in Subsequent Orders</u>. Nothing contained in any subsequent order of this Court shall alter, conflict with, or derogate from the provisions of the Asset Purchase Agreement or this Sale Order, and to the extent of any conflict or derogation between this Sale Order or the Asset Purchase Agreement and the terms of this Sale Order, the Asset Purchase Agreement shall control.

55.     <u>No Relief From Stay Necessary</u>.  The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Asset Purchase Agreement or any other Sale-related document.  The

automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement the preceding sentence.

56.    <u>Order Is Effective Immediately</u>.  Notwithstanding the provisions of Rules 6004(h), 6006(d), and 7062 of the Bankruptcy Rules, this Sale Order shall not be stayed after entry and shall be effective immediately upon entry, and its provisions shall be self-executing, and the Trustee and the Purchaser are authorized to close the Sale immediately upon entry of this Sale Order.  The Purchaser ~~has~~and the Agent have acted in "good faith," and, in the absence of any Person obtaining a stay pending appeal, if the Trustee and the Purchaser close under the Asset Purchase Agreement, then the Purchaser and the Agent shall be entitled to the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Asset Purchase Agreement if this Sale Order or any authorization contained herein is reversed or modified on appeal.

57.    <u>Sale Order Survives Dismissal</u>.  In the event of the dismissal of one or more of the Chapter 7 Case, the terms of this Sale Order shall remain in effect notwithstanding section 349 of the Bankruptcy Code.

58.    <u>Purchaser ~~Is Party~~and the Agent are Parties in Interest</u>.  The Purchaser ~~is a party~~and the Agent are parties in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Sale Order, the Sale, and any issues related to or otherwise connected to the Asset Purchase Agreement and the Sale.

59.     <u>Exclusive Jurisdiction</u>.  The Court shall retain exclusive jurisdiction to enforce the terms and provisions of the Asset Purchase Agreement, and this Sale Order in all respects and to decide any disputes concerning this Sale Order and the Asset Purchase Agreement, or the rights and duties all Persons hereunder or thereunder, as applicable, or any issues relating to this Sale Order or the Asset Purchase Agreement, including, without limitation, the interpretation of the terms, conditions, and provisions hereof and thereof, the status, nature, and extent of the Purchased Assets and any Assigned Contracts, and all issues and disputes existing in connection with the relief authorized herein, inclusive of those concerning the transfer of the Purchased Assets free and clear of all Liens, Claims and Liabilities.

## Exhibit 1

**(Asset Purchase Agreement)**