IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Phoeno Wine Company, Inc., *et al*[1]<br><br><br>Debtor. | Chapter 7<br><br>Case No. 23-10554 (KBO)<br><br>(Jointly Administered)<br>Hearing date:  November 7, 2023 @ 1:00 p.m.<br>Objection deadline:  October 31, 2023 @ 4:00 p.m. |

**MOTION FOR ORDER AUTHORIZING THE TRUSTEE'S
ABANDONMENT OF PERSONAL PROPERTY OF THE DEBTORS' ESTATES
PURSUANT TO 11 U.S.C. § 554(a) AND FED. R. BANKR. P. 6007**

Don A. Beskrone, the Chapter 7 Trustee (the "<u>Trustee</u>" or "<u>Seller</u>") [2] of the above-captioned debtors (collectively, the "<u>Debtors</u>") and their estates (the "<u>Estates</u>"), by and through his proposed undersigned counsel, hereby submits this motion (the "<u>Motion</u>"), respectfully requests the entry of an order authorizing the Trustee's abandonment of certain personal property (including any interests therein) of the Debtors' estates (**including the Held Wine**) pursuant to 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007 (the "<u>Motion</u>").  In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § I 57(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U .S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is 11 U.S.C. § 554 and Rule

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Phoeno Wine Company, Inc. (5273) and Underground Enterprises, Inc. d/b/a Underground Cellar (7930).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to such terms in the Sale Motion [D.I. 183].

{01948482;v1 }

6007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

  **A.** **Procedural Background**

  4. On May 1, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases"). On the same date, the Debtors filed their schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1].

  5. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as Chapter 7 Trustee in the Cases. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 13, 2023.

  6. The Trustee has not filed a motion to operate the businesses of the Debtors pursuant to 11 U.S.C. § 721. The Trustee understands the Debtors currently have no ongoing business operations.

  **B.** **The Debtors' Business and Assets**

  7. Prior to the Petition Date, the Debtors provided membership to an online wine marketplace for discovering and buying premium wine that randomly rewarded consumers with free upgrades to rare and private-stash bottles from prestigious wineries. The Debtors' records reflect they have approximately 24,000 Customers (the "Customers"). The Debtors' principal place of business and the location of their principal assets is 1166 Commerce Blvd., Suite C & D, American Canyon, CA 94503 (the "Warehouse"). The Debtors currently house approximately 500,000 to 550,000 bottles of wine and champagne (collectively, the "Held Wine") in the Warehouse, which consists of approximately 106,000 square feet of storage space they lease

under a sub-sublease agreement, dated October 29, 2021 (the "Warehouse Lease"). The Warehouse is a secured and climate controlled facility specifically tailored to store the Held Wine in an appropriate manner and at the appropriate temperature. The monthly rent on the Warehouse Lease is approximately $102,000 plus the cost of utilities, security and the like. Following approval of the Cash Collateral Motion, the Trustee was able to pay rent on the Warehouse Lease for the month of June 2023, however, because the Estates do not hold sufficient cash, the Trustee has not paid any additional rent. The landlord for the Warehouse is currently holding a security deposit of $105,140.00.

8. Substantially all of the Held Wine is in cases, stacked on pallets and organized in the Warehouse according to vintage (**not** by Customer). Almost all of the pallets of Held Wine are stored on shelving that reaches approximately 30 feet above the floor of the Warehouse and fulfillment (so that a Customer's ordered bottles can be picked, packaged and shipped) requires the use of a forklift. It is physically impossible for Customers to personally retrieve bottles of wine they ordered.

9. On July 13, 2023, the Court entered that certain *Order Approving Motion of Don A. Beskrone, Chapter 7 Trustee, for an Order Authorizing Use of Cash Collateral pursuant to 11 U.S.C. §§ 105, 362, and 363, Fed. R. Bankr. P. 4001, and Del. Bankr. L.R. 4001-2* [D.I. No. 136] (the "Cash Collateral Order"), which authorized the Trustee to use existing cash collateral held by the Debtors with the consent of the Prepetition Lenders in the aggregate amount of approximately $56,000 ("Cash Collateral") plus an additional $124,000 of "gift funding" (the "Gift Funding" and together with the Cash Collateral, the "Post-Petition Funding") provided by the Prepetition Lenders to enable the Trustee to pay certain administrative expenses of the Estates. The Post-Petition Funding provided by the Prepetition Lenders enabled the Trustee to

preserve the value of the Debtors' Estates while he explored options to administer these Cases and maximize the value of the Estates for the benefit of creditors. The Post-Petition Funding, however, has been exhausted and the Trustee does not have access to any additional funding.

### The Pending Dispute Over Ownership of the Held Wine

10. Ownership of the Held Wine is subject to *bona fide* dispute. The Prepetition Lenders assert that the Held Wine is owned by the Debtors, and thus constitutes the Prepetition Lenders' collateral. On the other hand, the Debtors and Customers assert that the Held Wine is owned by the Customers, and thus not property of the estates or the Prepetition Lenders' collateral. Litigation among the Prepetition Lenders, the Debtors and the Customers to determine ownership of the Held Wine likely would be extremely expensive, burdensome and time-consuming.

### The Trustee's Solicitation Process

11. Since the Petition Date, the Trustee has worked diligently to secure the Debtors' assets, gain access to information and systems necessary to understand the Debtors' operations and assets and position the Debtors' assets (including the Held Wine) for a resolution among competing interests without the damage that would surely flow from litigation. To that end, the Trustee solicited interest from a number of parties ("Potentially Interested Partners" or "PIPs") to acquire the Debtors' assets and provide a solution to the Debtors' estates inability to fulfill existing Customer orders.

12. On September 12, 2023, the Trustee filed his *Motion Of Don A. Beskrone, Chapter 7 Trustee, For An Order (A) Authorizing The Private Sale Of Certain Assets Free And Clear Of Liens, Claims, Interests, And Encumbrances, (B) Authorizing Purchaser To Fulfill Existing Customer Orders, (C) Authorizing Assumption And Assignment Of Certain Executory*

*Contracts And Unexpired Leases, (D) Authorizing The Trustee To Serve Notice Of This Motion On Customers By Email, And (E) Granting Related Relief* [D.I. 183] (the "Sale Motion").[3]

13. Through the Sale Motion, the Trustee sought approval of a transaction with Liquid Lotus LLC. Following the Trustee's receipt of competing offers from additional interested bidders, the Trustee convened an auction on October 13, 2023 (the "Auction"). At the conclusion of the Auction, the Trustee determined the offer submitted by TriplePoint Private Venture Credit Inc. ("Triplepoint") to be the highest and best offer for the Debtors' assets.

15. The Court convened a hearing on the Sale Motion on October 16, 2023 (the "Sale Hearing"). Following the submission of certain objections to approval of the Sale Motion at the Sale Hearing, the Court determined that the dispute over ownership of the Held Wine cannot be determined within the scope of the Sale Motion leaving the Estates stuck between the competing claims of Customers and Triplepoint.

16. Moreover, the minimal amount of cash collateral available to the Estates has been exhausted and the Estates do not have access to any additional funding. As a result of the inability to resolve the dispute over ownership of the Held Wine and the lack of funding, the Trustee is unable to further administer the personal property assets of the Estates.

**RELIEF REQUESTED**

17. By this Motion, the Trustee is seeking the Court's authorization to abandon all of the Estates' interest in all personal property (including all of the Held Wine) (collectively, the "Abandoned Assets") but, for the avoidance of doubt, excluding (i) the Debtors' books and records in the possession of the Chapter 7 Trustee (the "Books and Records"), and, (ii), all rights, claims and defenses held by the Estates, including, without limitation, all litigation claims and

---

[3] The Trustee refers parties in interest to the Sale Motion for additional background regarding the Debtors' business and the facts and circumstances that have led up to the filing of this Motion.

rights held by the Estates under all applicable policies of insurance (the "Litigation Claims"). The Trustee submits that the Books and Records continue to be required by the Trustee to administer the remaining assets of the Estates including any Litigation Claims held by the Estates, all of which are hereby expressly reserved for the benefit of the Estates.

18. Pursuant to Section 554(a) of the Bankruptcy Code, the Trustee, after notice and a hearing, may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. *See* 11 U.S.C. § 554(a). Accordingly, the Trustee submits that the abandonment of the Abandoned Assets is appropriate pursuant to Section 554 of the Bankruptcy Code.

19. Pursuant to Bankruptcy Rule 6007(a), the Trustee is obligated to give notice to all creditors and to the Office of the United States Trustee of his intent to abandon property. Fed. R. Bankr. P. 6007(a). If a party seeks to object to the abandonment, it must do so within fourteen (14) days of the mailing of the Trustee's notice of proposed abandonment of property of the estate or within the time fixed by the Court. *Id.*

20. Simultaneously with the filing of this Motion, the Trustee has served, on all creditors and the Office of the United States Trustee, notice of his intent to abandon the Abandoned Assets.

21. The Trustee respectfully requests that if there are no objections to the Motion, the Court enter the order submitted herewith authorizing the Trustee to abandon the Abandoned Assets.

**NOTICE**

22. The Trustee has provided a copy this Motion to the Debtor, the Office of the United States Trustee, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. In

addition, the Trustee has provided notice of this Motion to all creditors including all known Wine Customers via electronic mail where email addresses are available to the Trustee in the Debtors' books and records. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court (i) enter the order submitted herewith authorizing the Trustee to abandon any interest(s) of the Debtors or their Estates in the Abandoned Assets; and (ii) grant the Trustee such other and further relief as is just and proper.

Dated: October 16, 2023
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
Phone: (302) 654-1888
Facsimile: (302) 654-2067
Email :  gtaylor@ashbygeddes.com

*Counsel for Don A. Beskrone, Chapter 7 Trustee*