## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PHOENO WINE COMPANY, INC. et al., | Case No. 23-10554-KBO |
| Debtors.[1] | (Jointly Administered) |
| | **Response Deadline: October 31, 2023 at 4:00 p.m. (EST)** |
| | **Hearing Date: November 7, 2023 at 1:00 p.m. (EST)** |

## BRIEF OF THE AD HOC GROUP OF WINE CUSTOMERS OPPOSING THE REVISED MOTION AUTHORIZING SALE OF THE ASSETS OF DEBTOR

The Ad Hoc Group of Wine Customers (the "Customer Group"), the individual members of which are set forth in Appendix 1 to this motion, hereby file this brief in opposition to the motion of Don. A Beskrone, the Chapter 7 trustee ("Trustee") for the sale of the assets of debtors Phoeno Wine Company, Inc. ("Phoeno") and Underground Enterprises, Inc. DBA Underground Cellar ("Underground Enterprises") (and jointly, the "Debtor"), as set forth in Docket # 183 (the "Sale Motion"), and as modified by the Revised Order filed by Trustee, as set forth in Docket #269.

## BACKGROUND

1.      Debtor, operating under the business name of Underground Cellar, was in the business of operating a marketplace for the sale of wine through the internet to individual customers throughout the United States and storing that wine until requested by the customer.[2]

---

[1] The last four digits of the Debtor's federal tax identification number are 5273.

[2] The facts set forth in this brief are supported by the Declaration of Andrew Priestes previously filed on August 30, 2023 as Docket # 161-2.

2.      The Debtor would enter into an agreement with wineries for the winery to sell a certain number of bottles on Debtor's marketplace at retail value.  However, a customer's purchase of wine might randomly be upgraded to a much more expensive bottle.  Thus a customer might purchase a $40 bottle, but the customer would be upgraded to a bottle worth $70 at retail.  In some rare cases, the upgrade could be of a significantly greater value, such as upgrading a $40 bottle to a $500 bottle.  (See FAQ, How Do Upgrades Work, Ex E).

3.      In order to enable customers to purchase volumes of wine in excess of what a normal customer could store, Debtor provided a service known as its "CloudCellar" to its customers.

4.      Debtor described the CloudCellar service as follows:

> When you buy bottles of wine on Underground Cellar, we store them for you in our temperature and humidity controlled facility here in Napa Valley. We call this the CloudCellar.  Anytime you'd like to have them shipped to you, just login to your account, click "CloudCellar" at the top, and select which bottles you want shipped by clicking the "Add to Shipment" button.

(June 8, 2017 Email, Ex. A).

5.      The CloudCellar service was operated by Phoeno and the wine is held in a leased space within a warehouse located at 1166 Commerce Blvd., Suite C&D, American Canyon, California.   (Under Enterprises Schedule G, Line 2.3 [Dkt. 1]).   The lessor is Biago Bros ("Landlord"), a large landlord in Napa, California.  *Id*.  The monthly rent, pursuant to Trustee, is $101,954.00.  (Motion to Use Cash Collateral at p.5 [Dkt. No. 113]).

6.      The purpose of the CloudCellar was to "expand your wine collection."  Thus, a consumer could not only hold more wine than the consumer could otherwise physically store for the consumer's near-term use, the consumer could also, if they so choose, purchase and collect wine for future consumption as it was maintained in "ideal temperature/humidity" conditions.

7.      One key aspect of the CloudCellar service was that Debtor would ship any stored wine on demand to its customers.  (May 8, 2016 Email, Ex. B ("then whenever you want -- POOF! -- we ship the bottles you want from your collection directly to your door!")).

8.      Debtor was never profitable, and on May 1, 2023, the Debtor filed for Chapter 7 bankruptcy.

9.      The Customer Group is informed there are approximately 25,000 customers who held wine in the CloudCellar at the Petition Date.  The number of bottles currently held, pursuant to Trustee, is between 500,000 and 550,000.  (Motion to Use Cash Collateral at p.2 [Dkt. No. 113]).  The Debtor scheduled the value of the wine held in the CloudCellar with a fair market value of $11,109,408.00.  (Phono Schedule A, Line 23 [Dkt. No. 1]).

10.      The Customer Group are owners of wine currently held in the CloudCellar (the "Stored Wine").  Each member of the Customer Group is scheduled as a "Customer" in Phoeno's Schedules.

11.      Pursuant to the Phono's Schedules:

> A "Customer" as identified in the Schedules and SOFA as any retail client of the Debtor. Where "Customer" is used alone on Schedule F, it indicates that the Customer is storing wine that was purchased and is owned by the Customer at the Debtor's facility. The amount shown as the "claim" for such Customer on Schedule F is the amount paid by the Customer for the purchased wine.

(Phono Explanatory Notes for Schedules [Dkt. No. 1]).

12.      The Customer Group represents 40 separate customers holding "Customer" claims, with scheduled claims ranging from $1,024.00 to $66,884.00.

## THE COURT SHOULD DENY THE SALE MOTION

13.      The Trustee's original sale motion, in which Liquid Lotus acted as purchaser, was supported by the Wine Group for the reasons set forth in its brief filed on September 26, 2023.

However, most relevant was that the proposed Liquid Lotus APA would allow each customer to receive her or his wine, upon request, for only the cost of shipping. (Brief Supporting Sale [Dkt. #217]). As any customer could request the return of their wine with no more than cost of shipping, the Liquid Lotus APA did not require a determination of ownership of the wine and could be approved by the Court.

14.    On October 16, 2023, the date of hearing on the sale motion, the Trustee filed a revised proposed order approving the sale. In this proposed order, the Trustee now proposed to sell Debtor's assets to Triplepoint Venture Credit Inc. ("Triplepoint"), the secured creditor of Debtor. (Revised Order [Dkt # 269-1].)

15.    Triplepoint did not adopt the APA of Liquid Lotus, but instead modified it such that any wine customer would not be able to recover their wine except by paying 30% of MSRP for the wine plus shipping costs. (APA at 7.1, Revised Order [Dot # 269-1].) In many cases, this cost would equal or exceed what the customers had originally paid for their wine.

16.    At the hearing on October 16, 2023, the Court stated that it would not approve a sale on these terms as it would require a determination of the ownership of the wine, and the Court would not grant such a determination at the October 16, 2023 sale hearing. The Court then continued the sale hearing to the November 7 date.

17.    Since that date, the Wine Group have been working to negotiate a revised APA with Triplepoint that is agreeable to all parties. However, no such resolution has been reached at this time and the sale motion that was rejected by the Court on October 16 remains the only one before the Court.

18.    The Wine Group is aware there is a competing motion by the Trustee to abandon the property of Debtor should no arrangement be reached. Should the property be abandoned, over

500,000 *perishable* bottles of wine with numerous competing claims will be subject to litigation and foreclosure.  As such, it is in the interest of all parties to find an acceptable resolution to this matter.  The Wine Group will engage diligently to reach such a resolution, but until then, the proposed sale does not satisfy the requirements of the Bankruptcy Code.

<u>**CONCLUSION**</u>

19.     Based on the foregoing, the Customer Group requests the Court deny the Sale Motion.

Respectfully submitted,

Dated: October 31, 2023

/s/ Daniel M. Pereira
Julie M. Murphy, Esq.
Daniel M. Pereira, Esq.
Stradley Ronon Stevens & Young, LLP
1000 N. West Street, Suite 2600
Wilmington, DE 19801
Tel: (302) 295.3805
Fax: (302) 295.4801
Email:  jmmurphy@stradley.com
            dpereira@stradley.com

Bernard J. Kornberg, Esq.
Practus, LLP
58 West Portal Ave PMB 782
San Francisco, CA 94127
Tel:  (341) 234.6629
Email:  bernard.kornberg@practus.com
(*Pro Hac Vic Pending*)

*Attorneys for the Ad Hoc Group of Wine Customers*

**Appendix 1**

*List of Members of the Ad Hoc Group of Wine Customers*

| |
|---|
| Amber L. Adam |
| Andrew Priestes |
| Ashley Lucibello |
| Ben Switzer |
| Brace William Ginsler |
| Bradley Coppella |
| Brennan Bubp |
| Carl G. Yale |
| Carrie Ridge |
| Charles Siegel |
| Cheryl Evans Sibson |
| Dimitrios Malatos |
| Eric Brown |
| Frank Nocito |
| James Hannifin |
| James Ligori |
| Jeffrey L Shada |
| Jennifer Wheeler |
| Jim Helmers |
| John Andrew Fedorko |
| Jonathan Kiely |
| Kevin Koesters |
| Lonnie Boudreux |
| Maia Marusak |
| Matt Van Tassell |
| Melissa Blount |
| Michael Busch |
| Michael Costello |
| Michael J. Konowicz |
| Name |
| Nathan Inks |
| Nathan Palan |
| Orlando Browne |
| Prageeta Sharma |
| Rhoda DeMuth |
| Richmond C Douglas |

| |
|---|
| Samuel Weeman |
| Stephen Infantino |
| Stuart Ridge |
| Sue Linder |
| William Kim |