**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PHOENO WINE COMPANY, INC., et al. | ) | Case No. 23-10554 (KBO) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **D.I. 183, 273, 276** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
LIQUID LOTUS CORPORATION AND JEFFREY SHAW TO THE SALE
OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND
ABANDONMENT OF THE ESTATES' INTEREST IN PERSONAL PROPERTY
AND JOINDER IN OTHER OBJECTIONS TO THE PROPOSED SALE**

Liquid Lotus Corporation ("Liquid Lotus") and Jeffrey Shaw, its principal ("Mr. Shaw," and together with Liquid Lotus, the "Limited Objectors"), hereby file this limited objection and reservation of rights to the sale of substantially all of the assets of the above captioned debtors ("Debtors") and in support of this limited objection, the Limited Objectors state as follows:

## BACKGROUND

1.     Mr. Shaw was the founder of the Debtors; he has not been an employee or officer of Underground Enterprises Inc since May 15, 2022, and he has not held ownership stock since June 9, 2022, though he remained a board member until May 1, 2023.  Further, Mr. Shaw also served as President of Phoeno Wine Company, Inc. until August 30, 2022, and has not been an employee, officer, or held ownership stock since that date.

2.     On May 1, 2023 (the "Petition Date"), the Debtors each filed voluntary Chapter 7 petitions and for bankruptcy Don A. Beskrone, (the "Trustee") was appointed as the Chapter 7 Trustee for the estates.

3.     As of the petition Date, Mr. Shaw was one of the Debtors' largest creditors with an unsecured claim of more than $150,000.  See Schedule E of Underground Enterprises, Inc.

16387862/1

4.     Commencing in late-June or early July 2023, Mr. Shaw on behalf of his company Liquid Lotus, began negotiating with the Trustee for the sale of substantially all of the Debtors' assets.  These negotiations ultimately culminated in an agreement between Liquid Lotus and the Trustee by and through which Liquid Lotus agreed, subject to Bankruptcy Court approval, to purchase substantially all of the Debtors' assets.  On September 12, 2023, the Trustee filed the Motion for an Order (A) Authorizing the Private Sale of Certain Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Purchaser to Fulfill Existing Customer Orders, (C) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Authorizing the Trustee to Serve Notice of this Motion on Customers by Email, and (E) Granting Related Relief [Docket No. 183] (the "Sale Motion").

5.     As more fully set forth in the Sale Motion, among other things, Liquid Lotus agreed to a fulfillment process (the "Fulfilment Process") by and through which the Debtors' former customers (collectively, the "Customers") would have a period of time to elect to either (i) arrange for the pick-up of their ordered wine personally from the warehouse free of charge, other than incidental charges; (ii) have Liquid Lotus package and facilitate shipping ordered wine to the Customer at prevailing market costs (plus incidental charges such as employee time and boxes) to be paid by the Customer as set forth in the attached fulfillment notice; or (iii) continue to store their ordered wine with Liquid Lotus pursuant to Liquid Lotus' storage terms, prices and conditions.  Only if a Customer failed to make an election before the expiration of the delivery notice period, would legal title to any wine allocable to such Customer be forfeited and vest in Liquid Lotus free and clear of any liens, claims and encumbrances including those of any such Customer.

16387862/1

6.      On October 13, 2023, the Trustee conducted an auction for the sale of the Debtors' assets.  At the conclusion of the auction, the Trustee determined that the TriplePoint Private Venture Credit Inc. ("TPC") was the highest and best bid.  The aggregate consideration to be provided by TPC's bid for the Assets shall be equal to: (a) (i) a credit bid of a portion of the Purchaser's secured Claim in a total amount of $4,500,000, comprised of a credit bid of $3,000,000 for the Wine, and an additional credit bid of $1,500,000 for the Non-Wine Assets (together, the "Credit Bid Consideration"), plus (ii) an amount in cash equal to $400,000, plus (b) Purchaser's assumption of the Assumed Liabilities, plus (c) the payment of $2,700 to Liquid Lotus Corporation for the reimbursement of certain expenses.  Liquid Lotus' final bid at the auction was $1.1 million of cash, plus the assumption of certain liabilities.

7.      Significantly, the Fulfilment Process set forth in Liquid Lotus' bid was materially altered by TPC. Under TPC's bid, any Customer who wants its wine back will need to either (i) arrange for the Customer to have TPC (with the Trustee's assistance) deliver any wine to the Customer (at the Customer's cost charged by the TPC) upon the payment by Customer to TPC (or an affiliate of TPC) of an amount equal to 30% of the manufacturer's suggested retail price (determined by Purchaser in good faith) or for such wine, or (ii) agree for TPC to continue to store such wine at such Customer's expense and for TPC to make such wine available for delivery to the Customer (at the Customer's cost charged by TPC) upon the payment by Customer to TPC (or an Affiliate of TPC) of the Customer's payment for such wine.  This thirty percent charge is a material change that adversely affects the rights of Customers.

8.      The auction concluded on Friday, October 13, 2023, at which time, the Trustee made a determination that, notwithstanding the change to the Fulfilment Process, TPC submitted the higher and better bid.

16387862/1

9.     No notice of the successful bidder was provided prior to the October 16, 2023 hearing to consider the Sale Motion, including to Customers.  Based upon the lack of notice, the Court directed the Trustee to re-notice the Sale Motion.

10.     On October 16, 2023, the Trustee filed a Renotice of Hearing on Motion for an Order (A) Authorizing the Private Sale of Certain Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Purchaser to Fulfill Existing Customer Orders, (C) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Authorizing the Trustee to Serve Notice of this Motion on Customers by Email, and (E) Granting Related Relief [Docket No. 273], and a Motion for Order Authorizing the Trustees Abandonment of Personal Property of the Debtors Estates Pursuant to 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007 [Docket No. 276] (the "Abandonment Motion"), and a Supplemental Declaration In Further Support of Motion for an Order (A) Authorizing the Private Sale of Certain Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Purchaser to Fulfill Existing Customer Orders, (C) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Authorizing the Trustee to Serve Notice of this Motion on Customers by Email, and (E) Granting Related Relief [Docket No. 278].

## BASIS FOR LIMITED OBJECTION

11.     It is axiomatic that a party cannot sell that which it does not own.[1]  Yet that is precisely what the Trustee seeks to do in these cases.

12.     The proposed sale to TPC under Section 363 of the Bankruptcy Code raises a number of issues:  First, the issue of ownership of the wine is – and has been -  an issue known by TPC since as early as September 6, 2023.  See Opposition of TriplePoint Capital to Customers'

---

[1]     Nemo dat quod non habet.

16387862/1

Motion for an Order Directing the Trustee to Release Wine and for Related Relief [Docket No. 169]. Despite the passage of almost two months, TPC has never commenced an adversary proceeding for determination as to ownership rights or its putative security interests in the wine. Absent such a determination, the Trustee cannot satisfy Section 363(f) of the Bankruptcy Code, as the Trustee is seeking to sell an asset that is not property of the bankruptcy estates.[2]

13.     Further, absent such a determination, the Court cannot approve the sale of the wine under Section 363 of the Bankruptcy Code, particularly not by a credit bid. See 11 U.S.C. § 363(k) ("At a sale under subsection (b) of this section of property **that is subject to a lien that secures an allowed claim**, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property") (emphasis added). The issue of ownership is a contested issue and requires a determination as to whether the wine is subject to TPC's security interest, and such determination can only be made by an adversary proceeding. See Fed. R. Bankr. Pro. 7001(2) and (9).

14.     With respect to the proposed abandonment,[3] the Limited Objectors appreciate that, the ownership of the wine is subject to bona fide dispute. TPC asserts that the wine is owned by the Debtors and is TPC's collateral. The Debtors and Customers disagree and assert that the wine is owned by the Customers and is neither property of the estates nor TPCs' collateral.

15.     The Limited Objectors' also appreciate that litigation among TPC and the Customers to determine ownership of the wine likely would be extremely expensive, burdensome

---

[2]     There may be additional issues whether the Trustee and/or TPC can satisfy other provisions of Section 363. The Limited Objectors reserve their rights to raise such objections at the hearing to consider the Sale Motion.

[3]     Upon information and belief, the Abandonment Motion was filed in the event that the Sale Motion was not approved.

and time-consuming, and although the Trustee would not need to be a party to such litigation, the Limited Objectors recognize that the estates do not have funds sufficient to continue even limited operations (e.g. rent and utilities) to allow for a determination as to the ownership rights. In short, the Limited Objectors believe that abandonment would cause the estates to lose substantially all of the estates' value available for distribution on account of claims, including administrative expenses.[4]

16. The Limited Objectors recognize the Trustee is stuck between a rock and a hard place, and the Limited Objectors therefore do not object to abandonment, however the Order granting the Abandonment Motion should expressly provide, if for no other reason than for clarity for the benefit of another court that will need to adjudicate the parties' rights, that such assets are abandoned to the Debtors, and such abandonment is without prejudice to the rights, claims, interests, and defenses of any party, including TPC and the Customers, including Mr. Shaw.

## JOINDER AND RESERVATION OF RIGHTS

17. To the extent not inconsistent with the objections set forth herein, the Limited Objectors join in the objections to the Sale Motion. Further, Limited Objectors expressly reserve the right to object to the sale Motion and Abandonment Motion

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Limited Objectors respectfully request that the Court enter an Order (i) denying the sale of substantially all of the Debtors' assets to TriplePoint

---

[4] The Limited Objectors disagree that the assets have no value to the estates, as evidenced by Liquid Lotus' bid of $1.1 million in cash, and because Liquid Lotus' bid included the Fulfilment Process, the sale to Liquid Lotus would eliminate, at least in part, some of the underlying issues as to ownership.

16387862/1

Private Venture Credit Inc., (ii) requiring that any order granting the Abandonment Motion should expressly state that such assets are abandoned to the Debtors, and such abandonment is without prejudice to any Customers, and (iii) granting to the Limited Objectors such other and further relief as the Court may deem just and proper.

Dated: November 1, 2023                          **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com

*Counsel to Liquid Lotus Corporation and Jeffrey
Shaw*

16387862/1