# **Exhibit 1**

# **(Stipulation)**

{01995870;v1 }

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Phoeno Wine Company, Inc., *et al*[2]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10554 (KBO)<br><br>(Jointly Administered) |

**STIPULATION WITH RESPECT TO THE TURNOVER OF FUNDS
HELD BY THE SILICON VALLEY BANK
TO THE CHAPTER 7 TRUSTEE**

This *Stipulation with Respect to the Turnover of Funds Held by Silicon Valley Bank to the Chapter 7 Trustee* (the "Stipulation") is made between (a) Silicon Valley Bank ("SVB"), (b) TriplePoint Private Venture Credit Inc. ("TPC"), and (c) Don A. Beskrone, the Chapter 7 Trustee of the estates of the above-captioned debtors (the "Chapter 7 Trustee" and, together with SVB and TPC, the "Parties"), by their respective undersigned counsel, and subject to Bankruptcy Court approval.

**RECITALS**

WHEREAS, on May 1, 2023 (the "Petition Date"), Underground Enterprises, Inc. d/b/a Underground Cellar ("Underground") and Phoeno Wine Company, Inc. ("Phoeno", and together with Underground, the "Debtors") commenced voluntary cases (the "Cases") under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on May 2, 2023, Don A. Beskrone was appointed as chapter 7 trustee of the Debtors and their estates;

---

[2] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Phoeno Wine Company, Inc. (5273) and Underground Enterprises, Inc. d/b/a Underground Cellar (7930).

{01979393;v3 }

WHEREAS, prior to the Petition Date, Debtors, as Customer, entered into a Deposit Account Control Agreement with TPC, as Creditor, and SVB, as Bank, regarding Debtors' accounts held at SVB (the "SVB Accounts") wherein the Debtors, among other things, granted to TPC a first priority security interest in the funds in the SVB Account;

WHEREAS, as of February 29, 2024, the SVB Accounts contained cash balances in an aggregate amount of $54,063.30 (the "Account Balances") comprised of the following: (i) $9,935.41 concerning the account with the last four numbers #7124, and (ii) $44,127.89 concerning the account with the last four numbers #3457;

WHEREAS, the Trustee maintains that all cash held in the SVB Accounts is property of the Debtors and the Debtors' estates;

WHEREAS, TPC maintains that all cash held in the SVB Accounts is TPC's collateral under that certain Plain English Growth Capital Loan and Security Agreement, dated as of May 18, 2022 (the "Loan and Security Agreement") by and between Underground Enterprises, Inc., Phoeno Wine Company, Inc., TriplePoint Private Venture Credit Inc., TriplePoint Venture Growth BDC Corp., and TriplePoint Venture Lending Fund, LLC (together, the "Prepetition Lenders"), and TriplePoint Private Venture Credit, Inc., as collateral agent ("Prepetition Agent");

WHEREAS, on November 13, 2023, the Court entered the *Order Granting Motion of Don A. Beskrone, Chapter 7 Trustee, for an Order (A) Authorizing the Private Sale of Certain Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 312] (the "Sale Order");

WHEREAS, on November 14, 2023, the sale closed consistent with the terms approved by the Sale Order;

WHEREAS, pursuant to the Sale Order and Section 1.1(26) of the Asset Purchase Agreement, all cash held by Debtors or their Estates is excluded from the sale of the assets;

WHEREAS, in an effort to avoid the uncertainty and expense associated with litigation, the Parties have engaged in discussions regarding the turnover to the Chapter 7 Trustee of the cash currently in the SVB Accounts, and the Parties have reached an agreement with respect to such issues on the terms and conditions set forth below;

**NOW, THEREFORE**, the Parties hereto agree as follows, subject to Bankruptcy Court approval:

### AGREEMENT

The foregoing Recitals are incorporated herein as if set forth separately below.

1. This Stipulation is conditioned upon and subject to approval by the Bankruptcy Court (the "Approval Order"). Within three (3) business days after this Stipulation is fully executed by all Parties, the Chapter 7 Trustee will submit this Stipulation under certification of counsel to the Bankruptcy Court for approval.

2. Within five (5) business days of the entry of the Approval Order, SVB will transfer to the Chapter 7 Trustee by wire transfer per the instructions provided to SVB, the Account Balances (including any accrued interest, if any) net of any fees, charges or expenses owed to SVB, which, for the avoidance of doubt, (i) shall not exceed $500.00 and (ii) SVB shall be permitted to collect from the Account Balances prior to transferring the remaining amount of the Account Balances to the Chapter 7 Trustee in accordance with this Stipulation.

3. Within five (5) business days of the Chapter 7 Trustee's receipt of the Account Balances, the Chapter 7 Trustee shall (i) remit to the Prepetition Agent an amount equal to 95% of the Account Balances received by the Chapter 7 Trustee for application by the Prepetition Lenders against the amount owed by the Debtors to the Prepetition Lenders under the Loan and

Security Agreement (ii) hold an amount equal to 5% of the Account Balances received by the Chapter 7 Trustee as the Chapter 7 Trustee's statutory commission under section 326 of the Bankruptcy Code and (iii) subtract and hold $2,500.00, as unencumbered funds available to compensate the Trustee's professionals, from the Account Balances received by the Trustee prior to calculation of the percentages due to the Prepetition Agent and the Trustee in accordance with clauses (i) and (ii) of this paragraph.

4. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto. Each Party acknowledges that there are no other warranties, promises, assurances or representations of any kind, express or implied, upon which such Party has relied in entering into this Stipulation, unless expressly set forth herein. This Stipulation shall not be clarified, modified, changed or amended except by written agreement signed by the Party or an authorized representative of the Party against whom modification is sought and such modification shall be subject to court approval if required.

5. Each person signing this Stipulation represents and warrants that he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party, to bind his respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.

6. The Parties acknowledge that they have had the opportunity to consult with legal counsel of their choosing prior to entering into this Stipulation and that they enter this Stipulation knowingly and voluntarily.

7. This Stipulation shall not be deemed to have been drafted by any one of the Parties, and, therefore, the doctrine of *contra proferentem* shall not be applicable.

8. This Stipulation may be executed in multiple counterparts, each of which, when so executed, shall be deemed an original, but all of which together shall constitute one and the same instrument. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 9014 or otherwise, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry of an order by the Bankruptcy Court approving this Stipulation.

10. This Court shall retain jurisdiction with respect to the interpretation and implementation of this Stipulation.

IN WITNESS WHEREOF, the undersigned have caused this Stipulation to be executed as of the dates set forth below.

Dated: March 14, 2024

| | |
|---|---|
| **ASHBY & GEDDES, P.A.** | **DLA PIPER LLP (US)** |
| */s/   Gregory A. Taylor* | */s/   Eric Goldberg* |
| Gregory A. Taylor (No. 4008) | Eric Goldberg |
| 500 Delaware Avenue | DLA Piper LLP (US) |
| P.O. Box 1150 | 2000 Avenue of the Stars |
| Wilmington, DE 19899 | Suite 400 North Tower |
| Phone: (302) 654-1888 | Los Angeles, California 90067 |
| Email : GTaylor@ashbygeddes.com | Phone: 310-595-3085 |
| | Email: eric.goldberg@us.dlapiper.com |
| *Counsel for Don A. Beskrone, Chapter 7 Trustee* | *Counsel for TriplePoint Private Venture Credit, Inc.* |

**SILICON VALLEY BANK**

/s/ *Jose Zuniga*
Jose Zuniga
Supervisor, Deposit Operations
Legal Process Operations
3003 Tasman Drive
Santa Clara, CA 95054
Phone: 408 654 5516
Email: jzuniga@svb.com